## RUTHERFORD v. DOUGHERTY et al.
### No. 6365.

Circuit Court of Appeals, Third Circuit.
July 15, 1937.

H. M. McCaughey, of Philadelphia, Pa. (Joseph Wheless, of New York City, of counsel), for appellant.

Daniel C. Donoghue, of Philadelphia, Pa., for appellees Dougherty and another.

Cornelius C. O'Brien, of Philadelphia, Pa., for appellee Clarke.

Before BUFFINGTON and BIGGS, Circuit Judges, and MARIS, District Judge.

BUFFINGTON, Circuit Judge.

In this case it appears the plaintiff was accustomed to talk on Biblical subjects over the radio operated by a large department store. We are not informed what he said, but, whatever it was, its effect on a clergyman of a church in the city was such as led him to write the alleged libelous letter to the department store, which we refrain from giving wider publicity, but in which, referring to the plaintiff, he wrote: "I protest against you allowing broadcasting facilities to" the plaintiff for the reason that he "attacks" (the church of which I am a minister), "misrepresents her teachings and foments religious hatred and bigotry." As a financial addition, he writes that if the plaintiff "is allowed to speak next Sunday afternoon please take my name off your charge account list, because I will never spend another penny in" (the department store). He also added: "The surprise is that you would allow such a broadcast and thereby expose a very large per cent of your customers to open insult and ridicule."

Passing by the contentions made that this was an attempt to suppress free speech and on the other hand that the letter was a privileged attempt by a clergyman to protect his flock, we confine ourselves to a discussion of the decisive question whether the letter was libelous. Libel is a tort and involves wrong, maliciousness, and the infliction of injury, and the alleged wrong was in the assertion that plaintiff was misrepresenting the teachings of the writer's church.

It is hard to imagine an animated religious discussion without the participants feeling the other disputant did not fairly represent, and therefore misrepresented, the religious teaching of the other's church. To say one's opponent misrepresents any belief is not libelous. It is also complained it was libelous to say the plaintiff's address "fomented religious hatred and bigotry." Whose hatred, whose religious bigotry? The letter does not say. Religious discussions often do excite religious hatred and bigotry, but we cannot say that to state the plaintiff's address foments religious hatred and bigotry is libelous.

The plaintiff in his statement of the case says the letter was intended to injure him "in his good name, fame and credit and to bring him into public scandal, infamy and disgrace amongst all neighbors and other good and worthy people." Just how this would come about, we are not advised. Nor do we see how the letter could come to the knowledge of the plaintiff's neighbors without the plaintiff himself disclosing it. The judge below said: "The obvious purpose of the letter was to confront the management with the possibility of a boycott," and, if so, publicity of it would be the last thing the department store or the writer of the letter would desire.

On the whole we find no error was committed by the judge below in dismissing the case.