ANDERSON *v.* KING, et al.

Apr. 6, 1953

No. 38720 26 Adv. S. 1 63 So. 2d 792

*John P. Horan* and *Hermit R. Cofer*, for appellant.

*Murray L. Williams,* for appellees.

L͟EE͟, J.

J. C. Anderson filed suit against B. F. King and Odis Campbell to recover damages on account of the claimed

breach of an alleged warranty. There was a jury verdict for the defendants; and from the judgment entered thereon, Anderson appeals.

The declaration alleged that Anderson, on March 10, 1951, for the sum of $40.00, purchased three hogs from the defendants on the representation, upon which he relied, that the hogs were well, had not been exposed to disease, and were not from a community where hog disease existed; that the hogs became sick from cholera the next day, exposing his other hogs; and that these hogs, together with others which he owned, died. The answer of the defendants denied that they made such representation or that they warranted the soundness of the hogs.

The hogs were purchased by the appellees from Mose Phillips about nine o'clock Saturday morning, and were sold to the appellant about forty-five minutes later. It is undisputed that, both at the time of the original purchase and the subsequent sale, the hogs appeared to be sound and normal. The next morning they refused to eat, and died about eleven days later. Four of the appellant's other hogs also sickened and died. All of the animals had been given penicillin shots and the serum treatment. The veterinarian, who examined one of the three hogs shortly before it died, testified that he did not know the cause of death. An agricultural teacher, with only basic study of animals, but with some experience in treating them, at first testified that he would not be positive as to the nature of the ailment, but finally expressed the opinion that the hogs had cholera, because they responded to the serum treatment for that disease. It was shown that many like symptoms are common to both cholera and pneumonia.

██ █ Appellant testified that, at the time of his purchase, Campbell stated that he bought the hogs from a Negro down on the mud line and there had been no hog disease in that community. While testifying on direct examination that he relied on Campbell's representation

in making the purchase, yet, on cross-examination, he admitted that he knew hogs, he had handled lots of them, and, at two places in the record, he stated, without equivocation, that he relied on his own judgment in making the purchase.

Campbell's testimony was contradictory of appellant's version. He testified that several persons bid on the hogs; that he made no representation as to their soundness or condition; that no one asked him anything about them; that the men came up to the scene, looked at the hogs, and bid on them; and that he made no representation to Anderson. It was his version that Anderson came to him on the following Tuesday to inquire where the animals had been purchased, and, at that time, he was advised that they were purchased from a Negro down on the mud line. Campbell was corroborated to some extent by John D. Coleman, who was present at the bidding, and testified that he did not hear Campbell make any statement in regard to the hogs, or as to their quality, or anything else; and that the bidders asked only about the price.

The conflict in the evidence made an issue for the jury, and the court properly overruled appellant's request for a peremptory instruction.

The verdict was not against the great weight of the evidence, and the motion for a new trial was properly overruled.

Several assignments are predicated on the alleged errors of the trial court in sustaining objections to the introduction of testimony. He contends, in one instance, that the court cut him off from showing that he relied on the representation made at the time of the sale. He was asked on direct examination, "On that representation, did you buy the hogs?", and the reply was, "Yes, sir." Appellees then offered the objection that the question was leading, and it was sustained. The jury had heard the question and answer, and there was no motion to

exclude. Several additional inquiries were made on that particular point, one of which was not leading, but objections were sustained. However, on cross-examination, at a time when he had the opportunity to say that he relied on the representation in making the purchase, he testified, at two different places in the record, without equivocation, that he relied on his own judgment. Even though such statements were contradictory, the trial court evidently had in mind F. W. Woolworth Co. v. Freeman, 193 Miss. 838, 11 So. 2d 447, in submitting the case to the jury.

The court did not err in sustaining an objection to the testimony of the witness Watson concerning the death of other hogs in the community, especially when he neither showed nor offered to show that such hogs had been in contact with the three hogs which appellant had purchased.

Neither was the court in error in sustaining an objection to the following question propounded to the witness, Dickey, ''Did they, or not, seem to have some symptoms and disease the hogs had he bought from Mr. King and Mr. Campbell.'' The witness was not a veterinarian and frankly admitted that he did not know whether Anderson's hogs had cholera, pneumonia, or some other disease. The question did not call for a statement by the witness as to like symptoms which he observed in both sets of hogs, but rather for the opinion of a nonexpert on a highly technical subject.

The evidence about the white sow, as to which appellant complains, was properly admitted because she had run with all of Mose Phillips' hogs, was admittedly purchased by appellant about March 5, 1951, and did not become diseased.

There was no conflict in the instructions, although one of the appellant's given instructions was, in effect, too liberal.

Since all of the evidence was to the effect that the hogs were in good condition before and at the time of the sale,

and that appellees had no information to the contrary, there was no substantial basis upon which punitive damages could have been allowed; and the court properly refused the appellant's requested instruction thereon. American Railway Express Co. v. Bailey, 142 Miss. 622, 107 So. 761; Hood v. Moffett, 109 Miss. 757, 69 So. 664. Moreover since the evidence was ample to sustain the verdict of the jury in its denial of actual damages, punitive damages were not recoverable. McCain v. Cochran, 153 Miss. 237, 120 So. 823.

It follows, therefore, that this cause should be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Arrington,* and *Ethridge, JJ.,* concur.