## Lenaz, et al. *v.* Conway

No. 40820 October 20, 1958 105 So. 2d 762

*T. Upton Sisson,* Gulfport; *Arnaud Lopez,* Biloxi, for appellants.

*Buntin & Martin,* Gulfport, for appellee.

Holmes, J.

The appellants, Ernest R. Lenaz and James O. Boxx, each brought separate suits in the Circuit Court of Harrison County against the appellee, Richard Conway, doing business as The Music Box, seeking the recovery of damages for an alleged false arrest and false imprisonment. The case of the appellant, Ernest R. Lenaz, was first brought to trial and resulted in a mistrial because of a hung jury. At a subsequent term of the court, by agreement of the parties, the two suits were consolidated and tried as one and resulted in a jury verdict for the defendant. Judgment was entered accordingly, and from this judgment the appellants prosecute this appeal.

The evidence discloses substantially the following: On the night of August 16, 1956, the appellants, in company with one Stephen W. Smith, began a tour of night clubs and bars in the City of Biloxi. They first visited Spi-

der's Beef Bar where they had two or three drinks. They then went to San Beach where they each had at least one drink. They then went to The Music Box, a bar in Biloxi owned by the appellee Conway, and wherein intoxicating liquors were sold to the public. While they were in The Music Box, a neon light fixture installed above shelves behind the bar appeared to be flickering. Someone hurled a glass or other object at the light fixture and broke it. A piece of glass from the broken fixture cut the leg of the barmaid. The appellants and their companion, Smith, then left The Music Box and went to their car which was parked a short distance from the Music Box and started in the direction of Ocean Springs. Just after they crossed the Ocean Springs bridge, they were overtaken and stopped by another car which had apparently been pursuing them, and which was driven by one Richard Capone and in which the appellee was also riding. The Capone car was driven in front of the car occupied by the appellants, and, according to the testiomany for the appellants, was caused to back into the car of the appellants, while according to the testimony for the appellee, the appellants caused their car to crash into the rear of the Capone car. Shortly after the crash occurred, Ocean Springs police came on the scene. The police arrested the appellants and told the appellee Conway to go to Biloxi and make an affidavit against them and have them arrested, saying they would hold them until taken to Biloxi. The appellants were placed in jail in Ocean Springs where they remained until about one o'clock on the morning of August 17, when they were transferred to the Biloxi jail where they remained incarcerated until about 5:05 o'clock that afternoon. The appellee Conway returned to Biloxi and made an affidavit against the appellants for destroying personal property after ascertaining, as he claimed, that the light had been broken by the appellants. The appellants were charged in the affidavit with destroying personal property and a warrant was issued for their arrest, and they

were arrested and later released on bond. Later, the
father of the appellant Lenaz, upon hearing of his son's
arrest, contacted the appellee Conway and offered to pay
the damage done in his establishment if he would with-
draw the affidavit which had been made against his son
and the other appellant, James O. Box. The father of
the appellant Lenaz paid Conway $20 and also paid the
court costs and the affidavit was withdrawn.

· The appellants admitted that they visited the Music
Box and other bars on the night in question and had
several drinks during the evening, and admitted that the
light fixture was broken as the result of a glass or some
other object being hurled at it. They denied, however,
that they broke the fixture and denied that they created
any disturbance of any kind in The Music Box, but ad-
mitted that they offered to pay for the light fixture after
it was broken. They further testified that they left The
Music Box and started to Ocean Springs and that as
they crossed the Ocean Springs bridge a car driven by
Capone and occupied by the appellee and which had
evidently been pursuing them stopped them and drove
in front of them and then backed into the front end of
the car occupied by the appellants causing damage there-
to. They further testified that the Ocean Springs police
came on the scene and that the appellee related to the
police that the appellants had created some disturbance
in his place of business in Biloxi, and that the appellee
then caused the Ocena Springs police to arrest the ap-
pellants, and that they were thereupon arrested without
a warrant and without probable cause and held in jail
until about one o'clock in the morning when they were
taken to Biloxi where they were also placed in jail and
where an affidavit was made against them by the appel-
lee Conway charging them with destroying personal
property and where they remained incarcerated until
about 5:05 o'clock in the afternoon. The evidence also
showed that an affidavit was made against Capone charg-

ing him with reckless driving, and that he pleaded guilty to the charge and paid a fine.

The testimony of the appellee and his witnesses was to the effect that on the night the appellants came to The Music Box they each ordered a drink and called the barmaid's attention to the fact that the light fixture was flickering, telling her that the flickering light annoyed them and inquiring of her what it would cost if they broke the light; that one of them hurled a glass or some other object at the light and broke it, and the appellants and their companion Smith then withdrew hurriedly from the place. In the meantime the appellee was across the street from his place of business drinking coffee with a companion at the Past-time Restaurant; that a messenger came to him and told him there was a disturbance at his place of business; that he came out to go to his place of business to ascertain the trouble and as he came out into the street the appellants and their companion Smith, who had hurriedly left The Music Box, got in their car and started along the street driving on the wrong side thereof and almost ran over the appellee as he undertook to cross the street; that the appellee concluded to follow them but found that his car was blocked by another car that was parked in front of it; that a car driven by Capone and two companions then came by and inquired of the appellee if he wanted them to drive him in pursuit of the appellants; that the appellee accepted this offer and got in the car with Capone and they went in pursuit of the appellants and overtook them and stopped them just after they crossed the Ocean Springs bridge; that they drove in front of the car occupied by the appellants and that the appellants then caused the car which they occupied to be rammed into the rear of the car occupied by the appellee. The appellee further testified that when the Ocean Springs police came on the scene, he related to the police what had happened and that the police, without further direction from the appellee, arrested the appellants and directed the ap-

pellee to go to Biloxi and make an affidavit against the appellants, saying that they would hold the appellants until turned over to the Biloxi police; that the appellee, upon discovering on his return to Biloxi that the light fixture in his bar had been broken and other damage done therein, made an affidavit against the appellants for destroying personal property, and a warrant was issued for the appellants and they were arrested. Appellee further testified that later the father of the appellant Lenaz came to him and offered to pay the damages if he would withdraw the affidavit, and that he told the father of Lenaz that he did not want to accept anything in payment of the damage but that he did reluctantly accept it upon the insistence of the appellant Lenaz's father, and the affidavit was thereafter withdrawn.

 The appellee further testified that he did not cause the arrest of the appellants by the Ocean Springs police, but only related to the police what had happened, and that the police without further direction from him made the arrest. The evidence is in conflict as to whether or not the appellee actually caused the arrest and imprisonment of the appellants without a warrant and without probable cause, and is also conflicting as to whether or not the appellants were guilty of breaking the light in the place of business of the appellee. This conflict in the evidence created an issue for the determination of the jury and was resolved by the jury in favor of the appellee.

The appellants contend on this appeal that the verdict of the jury is contrary to the overwhelming weight of the evidence, and further that the trial court erred in its failure to grant certain instructions requested by the appellants.

 In challenging the sufficiency of the evidence, the appellants urge that the proof is insufficient to warrant the jury in finding that the appellants broke the

light fixture, but that even if it be conceded that they did, they were guilty of no offense warranting their arrest for the reason that no property right existed in the fixture because it was being used as a fixture or appliance in violation of the laws of the State of Mississippi with reference to the possession or sale of intoxicating liquor. The evidence as to whether the appellants broke the light fixture was conflicting and created an issue of fact for the determination of the jury. We think the jury was amply warranted under the evidence in resolving this issue against the appellants. ██ ██ There is no merit in the contention that the breaking of the light fixture constituted no offense warranting the arrest of the appellants.

██ ██ In support of their position, the appellants rely upon Section 2618, Mississippi Code of 1942, providing that no property rights exist in fixtures, appliances, etc., used in the violation of the intoxicating liquor laws. The interpretation sought to be placed upon this Code section has, however, been heretofore rejected by this Court in the case of Passons, et al v. State, 208 Miss. 545, 45 So. 2d 131. In that case, the Court, in holding that contraband liquor may be the subject of larceny or robbery, said:

"It is true that, by the provisions of Section 2618, Code of 1942, there are no property rights in intoxicating liquor, or in motor vehicles used in violation of the chapter on intoxicating liquor. But the purpose of this statute is to disqualify any person, unlawfully in possession of liquor or motor vehicles used in connection therewith, from asserting a right to their recovery, or for damages for their seizure. Undoubtedly, it is not the purpose to abridge the state of its power to punish persons who steal liquor, or rob persons and take their liquor."

██ ██ It follows that the proof for the appellee, which the jury manifestly accepted, was ample to justify the appellee in making the affidavit against the appellants and causing their arrest under the warrant issued.

The evidence is conflicting on the issue as to whether the appellee caused the original arrest of the appellants in Ocean Springs. According to the proof for the appellee, which the jury accepted, the appellee merely related to the Ocean Springs police what happened and the officers, without other direction from the appellee, arrested the appellants. This was insufficient to establish that the appellee caused the arrest of the appellants without a warrant and without probable cause. This Court has so held in the case of Smith v. Patterson, et al., (Miss.) 58 So. 2d 66, wherein the Court said:

"The broad principle as to liability in such cases is laid down in 22 Am. Jur., p. 371, as follows: 'To be liable in an action for false imprisonment, one must have personally and actively participated therein directly or by indirect procurement.' Again it is stated in 22 Am. Jur., p. 376, as follows: 'Where a person merely directs the attention of a public officer to what he supposes to be a breach of the peace and the officer, without other direction, arrests the offender on his own responsibility, the person who did nothing more than to communicate the facts to the officer is not liable for causing the arrest, even though it is made without a warrant.' "

We are accordingly of the opinion that the verdict of the jury was amply supported by the evidence.

We have carefully considered the appellants' complaints with reference to refused instructions. We deem worthy of discussion only those refused instructions which sought to authorize the jury to impose punitive damages and the instructions based upon the appellants' theory that no property rights existed in the light fixture under Section 2618, Mississippi Code of 1942. We have heretofore dealt with the inapplicability of said section to the case at bar, and for reasons heretofore stated we find no error in the court's action in

refusing the requested instructions based upon said section.

We find no reversible error in the action of the trial court in refusing the request of the appellants for an instruction authorizing the imposition of punitive damages. Since the evidence was ample to sustain the verdict of the jury in its denial of actual damages, punitive damages were not recoverable. Anderson v. King, et al., 217 Miss. 140, 63 So. 2d 792.

Viewing the record as a whole, we are of the opinion that the evidence was amply sufficient to support the jury's verdict and that the jury was correctly instructed as to the applicable law, and that the record reveals no reversible error. The judgment of the court below is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.