Robert SACHS

v.

Arthur LEVY and McClenachan, Blumberg & Levy.

Civ. A. No. 32280.

United States District Court
E. D. Pennsylvania.

April 9, 1963.

1. 196 Pa.Super. 380, 383, 175 A.2d 324 (1961).

Poplow & Shmukler, by Stanley M. Poplow, Philadelphia, Pa., for plaintiff.

Montgomery, McCracken, Walker & Rhoads, by Sidney L. Wickenhaver, James D. Crawford, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The plaintiff was arrested, detained and taken into custody on December 30, 1960, after one Ada Roland swore to an affidavit leading to warrants issued for his arrest.

He was prosecuted on criminal charges of larceny by bailee, fraudulent conversion, conspiracy and being an accessory before the fact of these crimes.

On June 19, 1961, the trial judge dismissed the case for insufficiency of evidence.

Now, Robert Sachs in this action has brought suit against Ada Roland's attorney and his law firm alleging that the acts of the attorneys were done maliciously and without probable cause.

The Complaint contains separate counts for malicious prosecution, malicious abuse of process and malicious use of process and negligence.

■ The first count alleging malicious prosecution is barred by the Pennsylvania Statute of Limitations [1] which requires such actions to be brought within one year from the termination of the criminal proceeding which gave rise to the action. This Complaint was filed in November 1962 and the aforementioned criminal proceedings terminated in June of 1961, some 16 months earlier.

Therefore, the defendants' motion is granted as to Count I.

■ Also, paragraph 16 purportedly alleges a count for malicious use of process. This is the same cause of action as malicious prosecution and it is therefore barred by the Statute of Limitations.

■ The two remaining counts contain averments of an alleged abuse of process and negligence. These counts are not barred by the Statute of Limitations for Malicious Prosecution.

■ Under Pennsylvania law, when an attorney is guilty of a tortious act to a third person, such as when he encourages and induces his client to commit a trespass on another he is chargeable for his acts the same as anyone else. Adelman v. Rosenbaum, 133 Pa.Super. 386, 3 A.2d 15 (1938).

■ Where the trespass, allegedly committed by the attorney, involves the initiation or perversion of legal process, the torts of misuse of process and abuse of process occur.

In this case, the alleged negligence of the defendant consisted of urging the arrest and criminal prosecution of the plaintiff without probable cause.

It is apparent that the plaintiff is pleading a repetition of what constitutes a misuse of process or an abuse of process. He attempts to separate his negligence claim as a distinct cause of action.

■ No Pennsylvania case has been cited to us whereby the mere negligence of an attorney toward someone other than his client is actionable under Pennsylvania law. Therefore, the defendant's motion is granted as to Count III of the Complaint.

## ABUSE OF PROCESS

■ An action for abuse of process arises when legal process, whether civil or criminal, is used against another to accomplish a purpose for which it is not designed.[2]

■ The elements of this action are defined in the case of Publix Drug Company v. Breyer Ice Cream Company, 347 Pa. 346, 348, 32 A.2d 413, 415 (1943), where the Supreme Court of Pennsylvania held:

> "* * * The gist of an action for abuse of process is the improper use of process *after it has been issued*, that is, a perversion of it * * *."
> (Emphasis supplied)

as contrasted with actions for malicious use of process or malicious prosecution which are concerned with the *wrongful initiation of process*.

■ The whole purpose of the action of abuse of process is "to provide a remedy for those cases in which legal procedure has been set in motion in proper form, with probable cause and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed." [3]

Malicious prosecution or malicious use of process were deficient in providing a remedy for situations where the initiation of process was lawful.

Malicious prosecution is distinguished from an abuse of process in that criminal or civil process is maliciously employed for no other purpose than its proper ef-

---

1. Act of July 1, 1935, P.L. 503, No. 196, § 1, 12 P.S. § 51.

2. Prosser on Torts, § 100, p. 667 (2d ed.)

3. Prosser on Torts, id. note 2.

fect and execution. Mayer v. Walter, 64 Pa. 283 (1870).

Some cases distinguish malicious use of process from malicious prosecution when the legal process employed is civil.[4] However, the question of whether the proceedings utilized were civil or criminal is not the determining issue in such actions.

In an action for abuse of process, it is only the subsequent acts which give rise to the tort; e. g., where a mortgagee of a ship begins an assumpsit action for a debt but later causes the arrest of the defendant by issuing civil process to compel him to give up the register of the ship thereby preventing him from going to sea.[5]

An Abuse of Process is defined in 3 Restatement of Torts, § 682, p. 464:

"One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby.

"Comment:

"a. The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings which were brought with probable cause and for a proper purpose or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section."

Stated seriatim the essential elements of abuse of process are the following:

1. An ulterior motive either at the initiation of process or thereafter;

2. A wilful or improper act in the use of process contrary to what is regular in the conduct of such a proceeding; and

3. A seizure of the person or property of the plaintiff.

The ulterior motive usually takes the form of coercion, or extortion to obtain a collateral advantage not involved in the proceeding itself, such as payment of a debt or blackmail.[6]

 The improper use of the process cannot be inferred from the motive but must be proved separately.[7]

 An arrest of the person of a plaintiff could constitute the element of seizure necessary in the action.

Plaintiff's complaint in this action avers generally that there has been an abuse of process committed by the defendants.

 While it does not specifically spell out all the elements of the tort it does give sufficient notice of the cause of action. In Federal pleadings, the philosophy leans to a liberal construction rather than adherence to ritualistic formalism.[8] A pleading is only required to give a short plain statement of the action in order to give the defendant fair notice of what the plaintiff's claim is and its basis.[9] Under this notice theory of pleading it is immaterial whether a pleading states conclusions or facts.[10]

4. Johnson v. Land Title Bank & Trust Company, et al., 329 Pa. 241, 198 A. 23 (1938).

5. Grainger v. Hill, 132 Eng.Rep. 769 (1838).

6. Baird v. Aluminum Seal Company, Inc., 250 F.2d 595 (3 Cir. 1957).

7. Prosser on Torts, supra note 2, p. 669.

8. 2 Moore's Federal Practice, p. 1696 (2d ed.).

9. Conley, et al. v. Gibson, et al., 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

10. 2 Moore's Federal Practice, p. 1698 (2d ed.).

The plaintiff was arrested and he avers that this arrest and subsequent detention were intended to coerce payment from him of certain civil obligations. We cannot say on the face of this complaint that he could not prove a perversion of this criminal process at a trial of the cause. Therefore, the defendant's motion for judgment on the pleadings will be denied as to the count alleging abuse of process.