Billy Clyde BARTON, Plaintiff,

v.

Ross R. BARNETT, William J. Simmons, Mrs. John Aldridge, Mrs. Sara McCorkle and Albert Jones, Defendants.

No. W–C–38–62.

United States District Court
N. D. Mississippi, W. D.

Feb. 7, 1964.

---

John L. Kennedy, Holly Springs, Miss., for plaintiff Billy Clyde Barton.

Watkins & Eager, Jackson, Miss., for defendants Barnett, Aldridge, McCorkle and Jones.

Lott & Sanders, Greenwood, Miss., for defendant Simmons.

CLAYTON, District Judge.

The five defendants who now remain in this case filed motions to dismiss the complaint as amended for its failure to state a cause of action. These motions were submitted on memorandum briefs of the parties and during consideration of the questions raised the court determined that a very serious question with respect to whether or not the necessary jurisdictional amount existed was in the case. Thereupon the case was remanded to the docket and the parties were directed to submit memorandum briefs (and affidavits and counter-affidavits if they desired to do so) on this one narrow question. The motions to dismiss are now before the court for disposition on briefs.

This, on the face of the papers, is a diversity case wherein the plaintiff claims damages in excess of the statutory amount necessary to confer jurisdiction on this court.[1]

Plaintiff in substance claims that while he was attending the University of Mississippi where he was a journalism student and Managing Editor of the student newspaper, the defendants conspired to and did publish and circulate false accusations against him that he was a member of the National Association for the Advancement of Colored People, a "left-winger", a participant in a "sit in" demonstration in Atlanta and that he was a protege of Ralph McGill, who plaintiff alleges defendants claimed to be a prominent "left-winger".

Plaintiff's claims with respect to damages in his pleadings are cast in general and conclusory language and are to the effect that he was embarrassed and humiliated by the publication and circulations of such accusations; that he was defeated as a candidate for Editor of the student newspaper at the University of Mississippi in an election held therefor and that he has been damaged in his proposed profession of journalism.

■ Plaintiff has filed an affidavit which amounts to nothing more than an amendment to his complaint since it simply says that he was damaged in language no more specific than the language of his pleadings. It reiterates in general and conclusory language the claims of the complaint as amended and hence is not considered a matter outside the pleadings as contemplated by Rule 12(b), Federal Rules of Civil Procedure.

■ If it appears to a legal certainty that plaintiff cannot recover $10,000 then the motions to dismiss should be sustained. The rule is correctly stated in Barron and Holtzoff, Federal Practice and Procedure, Volume 1, § 24, pp. 105–106 as follows:

"* * * plaintiff's claim must be made in good faith and not be fictitious or colorable. The usual test is that the complaint cannot be dismissed for want of jurisdiction, provided the demand is for more than the jurisdictional amount, *unless it appears to a legal certainty that plaintiff cannot recover the amount which he has demanded.*" (Emphasis added.)

Cf. Leehans v. American Employers Insurance Co. (5 Cir. 1959), 273 F.2d 72.

■ A correct statement of the basic rule which is applicable here appears in 53 C.J.S. Libel and Slander § 31, p. 74, where it is said:

"Political views. Printed words of ridicule or contempt which relate solely to political views or arguments on questions of public interest, without attacking the character of a person or imputing to him immorality or a violation of the law, but tending merely to lessen him in public esteem or wound his feelings, are not actionable as libel without special damages. Under this princi-

1. Title 28, United States Code, § 1332.

ple it has been held not libelous per se to charge one with being a member of, or affiliated with, the Communist party, or to make a charge of Nazism or Fascism at a time when the country is not at war with a Nazi or Fascist country, and when the charge merely refers to the person's political beliefs or views * * *."

Under this rule the defamation ascribed to defendants is not actionable per se. See also: Rutherford v. Dougherty (3 Cir. 1937), 91 F.2d 707; Manasco v. Walley, 216 Miss. 614, 63 So.2d 91 (1953).

■■ Since the publications charged here are not actionable per se there can be no recovery of nominal or general damages. Holliday v. Maryland Casualty Company, 115 Miss. 56, 75 So. 764 (1917); 53 C.J.S. Libel and Slander § 170, p. 267. Holliday is also authority for the proposition that in order to recover special damages, such damages must be plead with particularity. This rule is consistent with the requirements of Rule 9(g) of the Federal Rules of Civil Procedure, which states:

"Special Damage. When items of special damage are claimed, they shall be specifically stated."

See also 53 C.J.S. Libel and Slander § 170c, pp. 269–270; 33 American Jurisprudence, § 209, p. 197. Here there is no effort on the part of plaintiff to particularize with respect to the damages claimed. Certainly the allegations of plaintiff's pleadings do not meet these requirements.

In Fowler v. Curtis Publishing Company, (1950), 86 U.S.App.D.C. 349, 182 F.2d 377, the court held allegations in a libel suit as "much too general to meet the Rule's requirement of particularity". The portions of the complaint which plead damages were as follows:

"4. As a result of the malicious publication of said libelous article and photographs the business of the plaintiff Thomas W. Fowler, has been subjected to an unwarranted and undesired publicity and the good will which the plaintiff has heretofore enjoyed has been destroyed and said publication has caused many of the persons who have been renting taxicabs from the plaintiff to refrain from renting 'Columbia Cabs' and plaintiff Thomas W. Fowler, in the operation of his business has been otherwise seriously injured, his credit has been destroyed, and his standing in the taxicab industry has been damaged and impaired; all to his damage in the sum of One Hundred Thousand ($100,000.00) Dollars.

"5. As a result of the malicious publication of said libelous article and photographs as aforesaid, the plaintiff Charles D. Howery and fifty-nine other Columbia Cab drivers have been injured in their business and have been brought into public scandal disgrace and held up to public ridicule, hatred and contempt and have lost the confidence of the public; all to the damage of said plaintiffs in the sum of Three Hundred Thousand ($300,000.00) Dollars".

In holding that special damages were not sufficiently plead the court quoted from Moore's Annotation to Rule 9(g) as follows:

" * * * If words are not slanderous per se *no cause of action can be stated without alleging special damages*; * * * Where special damage must be alleged before a cause of action can be stated the courts require a good deal of particularity, especially in the slander and libel cases: The complaint must set forth precisely in what way the special damage resulted from the spoken or written word; it is not sufficient to allege generally that the plaintiff has suffered special damages, or that the party has been put to great cost and expense." 2 Moore's Federal Practice 1921–23 (1948). (Emphasis added.)

In Fowler the court also quoted from Erick Bowman Remedy Company v. Jen-

sen Salsbery Laboratories (8 Cir., 1927), 17 F.2d 255, at 261, 52 A.L.R. 1187, as follows:

"It was therefore necessary for the plaintiff to allege either the loss of particular customers by name, or a general diminution in his business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication. If the plaintiff desired to predicate its right to recover damages upon general loss of custom, it should have alleged facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, facts showing that such loss in sales was the natural and probable result of such publications, and facts showing that plaintiff could not allege the names of particular customers who withdrew or withheld their custom."

See also Eversharp, Inc. v. Pal Blade Company, (2 Cir., 1950), 182 F.2d 779; Cal-Therm Industries, Inc. v. Dunn & Bradstreet, Inc., (D.C.N.Y., 1948), 75 F.Supp. 541.

The allegations of damage in this case, from plaintiff's pleadings, are as follows:

"That such conspiracy was successful in that the plaintiff's reputation and character and social standing has been ruined within the State of Mississippi and in the South and that plaintiff's professional and business career in journalism has likewise been ruined and terminated insofar as his home state of Mississippi and the South is concerned.

"That such conspiracy caused the plaintiff so much embarrassment, humiliation, nervousness and mental anguish and shock that the plaintiff has suffered, as a direct and proximate cause of the conspiracy of the defendants, great physical pain and damage to his body in the form of bleeding ulcers. That said physical damage to the body is a direct and proximate cause of the premeditated, malicious, wanton and wilful conspiracy of the defendants to ruin and destroy plaintiff's reputation, character, social standing and present and future business and professional career.

"That such conspiracy was so successful in ruining the plaintiff's reputation, character, social standing, and business and professional career in his home state of Mississippi and the South that since the 22nd day of September, 1960, plaintiff has been continually embarrassed, humiliated, nervous and upset and the plaintiff has suffered great embarrassment, humiliation, mental anguish, nervousness, and shock.

"WHEREFORE, plaintiff demands judgment for actual and punitive damages against the defendants, jointly and severally, in the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00) and costs."

██ Plaintiff has failed to meet the requirements of Rule 9(g), Federal Rules of Civil Procedure, and the general rule announced in the cases, requiring particularity in pleading with regard to special damages. He does not allege how his reputation, character and social standing have been "ruined"; he does not state how and in what way his professional and business career has been "ruined", nor does he even sufficiently allege that he engaged in a profession or business occupation; he is vague with respect to publication of the claimed defamation and he makes no effort to itemize or specify the amount of any special damage. It cannot be said that any of these are "specifically stated". And, as to plaintiff's allegation of damage concerning embarrassment, humiliation and shame, it is the general rule that no recovery can be had for such suffering where the defamation is not actionable per se, and no other injury has been shown. 33 Am.Jur., Libel and Slander, § 205.

█ What has thus far been said has been directed to the compensatory damage aspects of plaintiff's case, but the same result is reached when plaintiff's claims for punitive damages are considered. As has been shown, the allegations with respect to compensatory damages are inadequate and do not state a cause of action for such damages. The majority rule is that punitive damages cannot be recovered in a suit unless actual damages are alleged and proven. 15 Am.Jur., Damages, § 270. Here we are dealing with a claimed defamation which could be at most libel or slander per quod. Although punitive damages may be recovered in some instances where the libel or slander is per se [2] this is not true with respect to libel or slander per quod. The Mississippi rule is that no punitive damages may be recovered unless actual damages are shown. Here, as aforementioned, no actual damages have been shown since none are alleged with the particularity required. Hence, punitive damages may not be rightfully claimed. This rule is stated in McCain v. Cochran, 153 Miss. 237, 120 So. 823 (1929) where the Supreme Court of Mississippi in dealing with the refusal of the trial court to instruct on punitive damages said:

> "It is well settled that in all cases where punitive damages are predicated on actual damages, if no actual damages are allowed, punitive damages are not recoverable, so it is unnecessary for us to discuss this proposition."

This rule has been restated many times. Anderson v. King, 217 Miss. 140, 63 So.2d 792 (1953); Lenaz v. Conway, 234 Miss. 231, 105 So.2d 762 (1958); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962). None of these cases dealt with defamation but the same rule is applicable here. Holliday v. Maryland Casualty Co., supra, was a libel case bottomed on allegations that a letter written by the defendant was libelous and greatly injured the plaintiff "in his good name, credit, trade, and business, and has fallen into great discredit among his neighbors, friends, and acquaintances and of whom he was accustomed to enjoy their confidence, companionship, and respect, to his great humiliation, chagrin, and mortification, and to the actual damage of plaintiff in the sum of $10,000, and plaintiff claims by way of punishment to defendant for their willful and wanton and libelous conduct punitive damages in the sum of $10,000, in all, actual and punitive damages, the sum of $20,000."

In support of his demand for punitive damages the plaintiff alleged that the letter was written and circulated by the defendant "wilfully and maliciously and wantonly, and with the malicious design to injure plaintiff in his reputation and to mortify and humiliate him in his business" and "wilfully and maliciously and with a wanton desire to humiliate, mortify and bring plaintiff into disrepute and disgrace". A demurrer was sustained to the amended declaration and final judgment rendered for defendant. On appeal the case was affirmed. The court held that the letter was not libelous per se; that the plaintiff had not plead with whom his business or reputation suffered and, therefore, could not recover special damages; and that "it therefore follows that the demurrer to the declaration was properly sustained". Since the letter was not libelous per se and since special damages were not plead with particularity and thus not recoverable, the plaintiff could not recover punitive damages.

As has been shown the claimed defamation is not, as a matter of law, actionable per se. Plaintiff has not alleged or "specifically stated" any special damages for which he can recover. Thus, on his pleadings he does not make a case for compensatory damages. Since he makes no case for compensatory damages, he can make no case for punitive damages. Therefore, plaintiff's pleadings show, on

---

2. § 1059, Mississippi Code Annotated (1942) and Jefferson v. Bates, 152 Miss. 128, 118 So. 717 (1928).

the face of the language used, as a legal certainty that the requisite jurisdictional amount is not now involved in this suit.

In the sense that plaintiff's pleadings do not state a case wherein the necessary amount is involved by which jurisdiction could be conferred on this court, the motions to dismiss are well taken and will be sustained, but such action will be taken by this court without prejudice to the right of plaintiff to amend his complaint within thirty days or to proceed with this action in the state courts.

Order is being entered in accordance with this opinion.