**Charles R. FUNK, Plaintiff,**

v.

**Llewlyn CABLE, J. C. Hege, John L. Hollingshead, Harry Hoffman, Marshall Witter, Margaret J. Palmer, Robert L. Johnston and Terance R. Brand, Defendants.**

**Civ. No. 9012.**

United States District Court
M. D. Pennsylvania.

March 10, 1966.

Green, Gibson & Abood, Johnstown, Pa., Shaffer & Morris, Harrisburg, Pa., and James A. Ashton, Pittsburgh, Pa., for plaintiff.

Black & Davison, Chambersburg, Pa., for defendants.

SHERIDAN, Chief Judge.

This is a motion by defendants to dismiss the action because the complaint fails to state a claim upon which relief can be granted, or in the alternative, to require plaintiff to file a more definite statement.

This action is brought pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C.A. § 1983. Plaintiff alleges that defendants, members of the board of directors of the School District of the Township of Montgomery, Franklin County, Pennsylvania, the tax collector of the District, a justice of the peace and a constable of Antrim Township, Franklin County, in violation of Section XI of the Wage and Profits Tax Resolution of 1960 enacted by the above board of directors, caused plaintiff to be arrested and incarcerated for failure to pay a wage and profit tax. He alleges that such arrest and imprisonment was illegal, malicious and without reasonable and probable cause with the result that he was deprived of his rights, privileges and/or immunities secured by the Constitution and laws of the United States.

Defendants' motion to dismiss for failure to state a claim was originally based on two grounds; that the Pennsylvania one year statute of limitations barred the action and that plaintiff's complaint was deficient in that it failed to contain an allegation that he obtained a favorable conclusion to the alleged prosecution. The latter ground was withdrawn, however, with the result that only the question of the statute of limitations is now before this court.

■■ In actions under this section, the State statute of limitations is controlling. The statute to be applied is that which the state would apply had an action been brought in a court of that state.

Swan v. Board of Higher Educ. of the City of N. Y., 2 Cir. 1963, 319 F.2d 56; Crawford v. Zeitler, 6 Cir. 1964, 326 F.2d 119. Where a complaint under this section includes allegations which give rise to several causes of action under state law, the federal courts may apply the most applicable state statute. Beauregard v. Wingard, S.D.Calif.1964, 230 F.Supp. 167.

■ Defendants state that the alleged illegal arrest and imprisonment occurred on July 11 and 12, 1963. The instant action was not filed until July 9, 1965. They contend that actions for malicious prosecution and false arrest are governed by 12 P.S. § 51 which provides for a one year period of limitation. They cite a Pennsylvania Common Pleas Court case for the proposition that within the intendment of the statute, false arrest includes false imprisonment. They conclude, therefore, that since this action is based on malicious prosecution, false arrest and imprisonment, the one year statute applies.

Plaintiff concedes that if the cause of action sounded only in false arrest or malicious prosecution, it would be barred by the one year statute of limitations. He contends, however, that the facts of this case give rise to four additional causes of action subject to at least a two year period of limitations; abuse of legal process; false imprisonment; assault and battery; and invasion of privacy.

A review of the complaint indicates that the allegation could sound in the Pennsylvania action of abuse of process. In Sachs v. Levy, E.D.Pa.1963, 216 F.Supp. 44, it was pointed out that in Pennsylvania an action for malicious use of process is the same as an action for malicious prosecution and is therefore subject to the one year period of limitation specified in 12 P.S. § 51; however, the action of abuse of process being an action recognized by the Pennsylvania courts as different from that of malicious use of process, is not subject to 12 P.S. § 51. In Sachs the gravaman and the

elements of the misconduct were summarized as follows:

"1. An ulterior motive either at the initiation of process or thereafter;

"2. A wilful or improper act in the use of process contrary to what is regular in the conduct of such a proceeding; and

"3. A seizure of the person or property of the plaintiff.

"The ulterior motive usually takes the form of coercion, or extortion to obtain a collateral advantage not involved in the proceeding itself, such as payment of a debt or blackmail.

"The improper use of the process cannot be inferred from the motive but must be proved separately.

"An arrest of the person of a plaintiff could constitute the element of seizure necessary in the action."

An abuse of process is defined in Restatement, Torts § 682 (1938) as:

"One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby."

In the instant case, plaintiff alleges that at the time of his imprisonment he had not violated any criminal statute or ordinance, yet defendants used an information and complaint charging violation of a wage tax resolution to have a warrant issued to have him arrested and illegally incarcerated. The complaint alleges that such action was illegal, malicious, and without reasonable and probable cause. In his brief he argues that these allegations show that legal process was perverted for an arrest to obtain payment of an alleged claim. While the complaint in the instant action may not be a model of pleading, we are concerned here with the type of action only insofar as it aids in a determination of the proper period of limitation to be applied. Here, the complaint alleges sufficient facts to show an action, sounding in abuse of process, for redress of federally protected rights. Sachs v. Levy, supra. Cf. Anderson v. Haas, 3 Cir. 1965, 341 F.2d 497.

In Sachs v. Levy, supra, while it was held that the one year statute did not apply to actions for abuse of process, that case did not specify which limitation period was applicable. A review of Pennsylvania statutes dealing with limitations with respect to particular actions, however, indicates that no less than a two year period of limitation would be applicable to this tort. See 22 P.L.E. Limitation of Actions §§ 23, 31, 32. Since the instant action was commenced within two years from his arrest and incarceration, the action was timely filed.

■■ In view of this result, it is not necessary to consider in detail the other actions which plaintiff contends could be supported by the allegations in the complaint. It appears, however, that if this were an action sounding in false imprisonment, the Pennsylvania one year statute would apply. See 2 Standard Pennsylvania Practice, Limitation of Actions § 73 at page 153 (1956). An action which sounds in the invasion of the right of privacy or assault and battery and show a violation of rights redressable under the Civil Rights Act would be subject to a two year period of limitation. Conard v. Stitzel, E.D.Pa.1963, 225 F. Supp. 244; Basista v. Weir, 3 Cir. 1965, 340 F.2d 74; 22 P.L.E. Limitation of Actions §§ 23, 32.

■ Defendants seek to have plaintiff file a motion for a more definite statement to elicit whether the imprisonment was at plaintiff's own suggestion and as a result of his failure to post bail, whether the alleged pain and suffering were caused by other than the mere fact of arrest and imprisonment, and to specify the items of damage. In 1A Barron and Holtzoff, Federal Practice and Procedure § 362 (Wright rev. 1960), it is stated:

"Bills of particulars have been abolished in the federal practice. Motions for a more definite statement may be made but only if the information sought is necessary to frame a responsive pleading and not

for the purpose of preparing for trial. * * *

"A defendant, by preliminary pleading, may not compel plaintiff to restate his claim with the exactness and precision which may suit the convenience or taste of the defendant, if the basic nature of plaintiff's claim is revealed in his complaint and it is not so vague and ambiguous that defendant cannot frame a responsive pleading. Nor, where the complaint is sufficient and capable of being answered, may the defendant force plaintiff to include additional particulars which may make the complaint vulnerable to a motion to dismiss. Motions under this rule should be considered in the light of the pleading rules generally. The motion should be denied in most cases, should never be granted except where it is literally necessary to prepare a responsive pleading, and should not be the vehicle for a revival of particularized pleading.

" * * * As a general rule a more definite statement will not be required as to matters of public record or matters within the knowledge of the moving party * * * ."

Defendants appear to be attempting to develop whether plaintiff consented to or controlled his own imprisonment. This is in the nature of a defense and need not be pleaded by plaintiff. The requested information on pain and suffering is not necessary to frame a response and additional details can be obtained by discovery. Dayton Tire and Rubber Co. v. Berman, E.D.Pa.1962, 31 F.R.D. 210. The allegation of "great financial damage" indicates that special damages have been incurred and, therefore, any such damages should be specifically stated. Fed.R.Civ. P. 9(g); 1A Barron and Holtzoff, Federal Practice and Procedure § 308 (Wright rev. 1960); cf. Barton v. Barnett, N.D.Miss.1964, 226 F.Supp. 375. The allegations dealing with pain, suffering and humiliation and damage to reputation are general in nature, state only such damage has result-ed, and need not be more specifically set out. 1A Barron and Holtzoff, Federal Practice and Procedure § 308 at page 240 (Wright rev. 1960).

The motion to dismiss will be denied. The alternative motion for a more definite statement will be denied except insofar as plaintiff will be required to specify any special damage incurred within the meaning of the allegation that he has suffered "great financial damage."