## Davis v. Community Legal Services, Inc.

*Robert A. Detweiler*, for plaintiff.
*Ernest E. Jones*, for defendant.

BRADLEY, *P.J.*, January 30, 1979—The underlying facts are as follows. Plaintiff originally obtained a judgment for $450 unpaid rent against one Sherry Diggins in the Philadelphia Municipal Court. Ms. Diggins, with the aid of defendant, Community Legal Services, Inc. (CLS), took an appeal from that judgment to the common pleas court. In the course of this appeal, CLS filed a petition to proceed in forma pauperis on Ms. Diggins's behalf. The petition stated among other things that Ms. Diggins in lieu of a bond would pay into escrow all future rents as they became due. Ms. Diggins' petition was granted without notice to plaintiff. Subsequently, upon learning of the petition, plaintiff requested and was granted a rehearing. On rehearing, the petition was dismissed. Ms. Diggins' appeal was dismissed shortly thereafter, and she quit the premises owing by that time a total of $1,500 rent. Contrary to the averment in her in forma pauperis petition, Ms. Diggins had paid no money into escrow.

Plaintiff then brought the instant action for $1,500 against CLS for "negligence in carrying out

the terms of the petition Defendant (CLS) prepared and filed," specifically defendant's failure to insure that the rent money was paid into escrow. CLS has filed preliminary objections to plaintiff's complaint in the form of a demurrer.

There is little existing authority in Pennsylvania dealing with a third party's cause of action against an attorney for negligence. 1 Standard Pa. Prac. §228 states:

"An attorney is not ordinarily liable to third persons for the acts of his client or for his own acts, committed in the exercise of his proper functions as attorney, pertinent to the matter in question. He is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care, to his client alone—that is, to the one with whom the attorney's contract of employment and service exists—and not to third persons. The exception to this general rule, if it may in strictness be deemed such, is where the attorney has been guilty of fraud or collusion, or of a malicious act or tortious act. Responsibility for a fraudulent act is independent of any contractual relation between the guilty party and the one injured; and a person committing a malicious or tortious act, to the injury of another, is liable therefor without reference to any question of privity between himself and the wronged one. Where, however, neither of these elements enters into the transaction, the rule is universal that for an injury arising from mere negligence, however gross, there must exist between the party inflicting the injury and the one injured some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter. But where an attorney undertakes to do something for a person

not his client, even without reward, the attorney is responsible for misfeasance, though not for nonfeasance."

In Sachs v. Levy, the U.S. District Court for the Eastern District of Pennsylvania stated: "Under Pennsylvania law, when an attorney is guilty of a tortious act to a third person, such as when he encourages and induces his client to commit a trespass on another he is chargeable for his acts the same as anyone else. Adelman v. Rosenbaum, 133 Pa. Super. 386, 3 A. 2d 15 (1938)." Sachs v. Levy, 216 F. Supp. 44, 46 (E.D.Pa. 1963).

However, the Sachs court granted defendant attorney's motion for judgment on the pleadings as to plaintiff's allegation of negligence, stating: "No Pennsylvania case has been cited to us whereby the mere negligence of an attorney toward someone other than his client is actionable under Pennsylvania law."

Plaintiff in the instant case makes no allegation of fraud or malice. He seeks recovery solely "because of Defendant's negligence." The complaint states defendant wrote a letter to Ms. Diggins advising her to make the escrow payments. According to plaintiff, defendant's "negligence" was its failure to take further affirmative steps to protect plaintiff's interests. Such an assertion, even if true, is not sufficient to establish a valid cause of action.

Accordingly, the following order is entered.


## ORDER

And now, January 30, 1979, it is hereby ordered and decreed that defendant's preliminary objections are granted and plaintiff's complaint is dismissed.