## Cove v. Peters

*William J. Patrick*, for plaintiff.
*Robert E. Bull*, for defendant.

DAVIS, Specially Presiding, December 16, 1982—Plaintiff filed a complaint in trespass on

January 5, 1978. Defendant subsequently filed preliminary objections in the nature of a demurrer and a motion to strike. In addition, Defendant filed a petition requesting a judgment of non pros under Pa. R.C.P. 1037(c). These preliminary objections are now before the court for disposition.

In considering a demurrer, every well pleaded material fact set forth in the complaint, as well as all inferences reasonably deductible therefrom, must be taken to be admitted. With this principle in mind, we conclude that plaintiff's complaint fails to state a cause of action upon which relief can be granted.

The underlying facts are as follows: In a divorce action between plaintiff and his wife, defendant who is an attorney-at-law, was retained by plaintiff's wife to represent her in the divorce action.

At the time of divorce, the parties jointly held stock of Alan Wood Steel Company with an approximate value of $60,000. Plaintiff alleges in his complaint that he advised defendant of his deteriorating financial position and requested that the jointly held securities be divided among the parties. Because of defendant's refusal to so advise his client, plaintiff contends that defendant did not allow plaintiff the rightful use of his portion of the jointly held securities which were needed to support plaintiff and his family.

Plaintiff also attached as exhibits two letters sent to defendant advising him that failure to transfer these securities would cause financial hardship to the parties.

Plaintiff's complaint further alleges that the majority of stock jointly held by the parties later became worthless due to the bankruptcy of the Alan Wood Steel Company. As a result, plaintiff contends that he and his immediate family suffered irreplacable financial losses, mental anguish and

loss of credit standing directly attributable to the actions or inaction of defendant.

No allegations in plaintiffs complaint indicate that Defendant acted contrary to the wishes of his client. Further, it is not alleged that defendant ever had control and possession of the stock certificates in question. The law states that an attorney is liable for acts done in accordance with his client's instructions only when he is guilty of fraud, collusion, or a malicious, tortious or criminal act. P.L.E. Attorneys, Sec. 9.

There are no allegations of fraud or malice set forth in plaintiff's complaint. In paragraph 12 of the complaint plaintiff alleges that defendant, through complete "Negligence", failed willfully to exercise care with respect to plaintiff's assets. Plaintiff's prayer for relief requests that all financial losses attributable to Defendant's "Negligence" be paid to Plaintiff. Where neither fraud or malice enter into a transaction, the rule is universal that for an injury arising from mere negligence, however gross, there must exist between the party inflicting the injury and the one injured, some privity, by contract or otherwise, by reason of which the former owes some legal duty to the latter. . . " Standard Pa. Practice 2d §4:68.

The rule was followed by the United States District Court for the Eastern District of Pennsylvania in Sachs v. Levy, 216 F. Supp. 44 (E.D. Pa. 1963). The court granted defendant attorney's motion for judgment on the pleading to an allegation of negligence stating: "No Pa. case has been citied to us whereby the mere negligence of an attorney toward someone other than his client is actionable under Pennsylvania law." The privity requirement of Sacho was followed in the case of Davis v. Community Legal Services, Inc., 9 D.&C.3d 367 (1979). In

Davis, attorneys for a tenant represented in a petition that the tenant would pay into escrow all future rents as they became due. When the tenant quit the premises owing rent, an action was brought against the attorneys for negligence in failing to take affirmative steps to protect plaintiff's interests. The court held that such an assertion, even if true, was not sufficient to establish a valid cause of action.

There is even less basis for finding a duty owed by defendant in the present case than in Davis. In Davis, the action was based on a representation made in a petition filed by defendants. Here, there is no allegation that defendant promised that transfer of the stock would be made. Again, it is not even alleged that defendant had control and possession of the stock certificates in question.

To graft a duty upon an attorney to do an act adverse to his client would have an inhibiting effect on that attorney's representation of the client. The Pa. Code of Professional Responsibility requires that an attorney zealously represent a client within the bounds of law. Canon 7.

We conclude that the allegations of the complaint, even if taken as true, are not sufficient to establish a valid cause of action. Accordingly, defendant's demurrer is sustained and plaintiff's complaint is dismissed without leave to amend. Our disposition of the case does not require us to consider the motion to strike or defendant's petition for non pros under Pa. R.C.P. 1037 (c).

## ORDER OF COURT

And now, this December 16, 1982, defendant's demurrer is sustained, without leave to plaintiff to amend. Accordingly, plaintiff's complaint is dismissed.