Elza John WATSON, Plaintiff,

v.

Frank DEVLIN et al., Defendants.

Civ. A. No. 18550.

United States District Court
E. D. Michigan, S. D.

Nov. 6, 1958.

Elza John Watson, in pro. per.

FREEMAN, District Judge.

This is a suit filed by Elza John Watson, an inmate of the State Prison for Southern Michigan, now serving a sentence as a result of his conviction in a Michigan circuit court of the crime of arson. This matter is now before the court for determination of the petitioner's motion for leave to proceed in forma pauperis, made under Section 1915, 28. U.S.C.

That section provides, in part:

"(a) Any court of the United States may authorize the commencement * * * of any suit * * * without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor * * *.

"(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

According to the case law construing the provisions of this section, it is clear that this court may deny a petition for leave to proceed in forma pauperis if the court is satisfied that the petitioner's proposed complaint is frivolous, malicious or without merit.

In Mattheis v. Hoyt, D.C.1955, 136 F. Supp. 119, 125, Chief Judge Starr considered a motion for leave to proceed in forma pauperis under Section 1915, 28. U.S.C., and said:

"It would be misleading, purposeless, and certainly unsatisfactory

procedure to grant the plaintiff leave to file his complaint and proceed in forma pauperis, the court knowing well that the complaint would eventually be dismissed as being without merit and frivolous and malicious. Futhermore, to grant the plaintiff leave to proceed in forma pauperis would place an unnecessary and unjust burden on the defendants, as they would then be required to answer or move to dismiss his meritless, frivolous, and malicious complaint."

In the opinion of this court, petitioner's proposed complaint is frivolous and wholly without merit for the following reasons:

The complaint attempts to invoke the jurisdiction of the court under the provisions of Sections 1981, 1983 and 1985, 42 U.S.C.A., and Sections 241 and 243, 18 U.S.C., and sets forth, in a rambling, disconnected manner, the facts constituting the alleged basis of petitioner's claim for relief. The relief prayed for is money damages and release from custody.

■■ Initially, it is apparent that this court cannot assume jurisdiction of a civil action filed under Sections 241 and 242, 18 U.S.C. These sections are part of the criminal code and civil relief is not afforded by them. Smith v. Jennings, D.C.1957, 148 F.Supp. 641. Also, Section 1981, 42 U.S.C.A., does not provide a civil cause of action for damages. Therefore, it is apparent that the jurisdiction of this court could be invoked only if the proposed complaint states a claim for which relief may be granted under Sections 1983 or 1985, 42 U.S.C.A.

The proposed complaint is set out in four separate causes of action. An analysis of each one of these counts shows that none of them states a claim for which relief may be granted.

■■ Count One alleges a conspiracy of all the named defendants to deprive petitioner of his right to equal protection of the laws in that they enticed him into Michigan and then falsely arrested and imprisoned him. Under this count, there is no allegation of the facts surrounding this alleged false imprisonment; however, the facts are set forth in connection with the other remaining counts. On the basis of the facts alleged therein, it appears that petitioner was arrested, arraigned, tried by jury and convicted of the crime of arson. Under these circumstances, petitioner may not now contend that the original arrest was without reasonable cause. A judgment of conviction that is final may not be attacked collaterally and a criminal conviction constitutes an absolute defense to any later contention that the original arrest was without probable cause. Turbessi v. Oliver Iron Mining Co., 1930, 250 Mich. 110, 229 N.W. 454, 69 A.L.R. 1059. Therefore, petitioner's allegation of false arrest and imprisonment is controverted by the facts he alleges. This count thus fails to show that petitioner was deprived of the equal protection of the laws by the actions of defendants.

■■ It has been held that in order to state a cause of action under Section 1985, 42 U.S.C.A., it must appear on the face of the complaint that there is present an element of intentional or purposeful discrimination, designed to favor one individual or class over another. There must be a showing of clear and intentional discrimination and a discriminatory purpose is not to be presumed. The mere use of the words "willful and malicious" will not suffice as a substitute for such allegations. Morgan v. Sylvester, D.C.1954, 125 F.Supp. 380, affirmed 2 Cir., 220 F.2d 758, certiorari denied 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768, rehearing denied 350 U.S. 919, 76 S.Ct. 201, 100 L.Ed. 805; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; State of Ark. for Use and Benefit of Temple v. Central Sur. & Ins. Corp. of Kansas City, Mo., D.C.Ark., 102 F.Supp. 444. This complaint wholly fails to allege facts showing such conduct.

■ Count Two alleges a deprivation of due process of law in that petitioner was arrested and held incommunicado until his arraignment and denied access to his counsel during that period. The

facts alleged throughout this complaint show clearly that petitioner was tried by jury for the offense committed and there is no showing of any use by the prosecution of any detrimental evidentiary matter extracted from him during his period of detention. It is clear on these facts that no plea of guilty was accepted from him by the court on his arraignment and that he was allowed counsel thereafter. These facts do not show any deprivation of any federal constitutional right and this count therefore fails to state a cause for action under Section 1983, 42 U.S. C.A. State of Utah v. Sullivan, 10 Cir., 1956, 227 F.2d 511.

The third count of the proposed complaint constitutes an attempt by petitioner to recover damages against defendants for malicious prosecution. This count invokes no statute of the United States and contains no allegation of any deprivation of any of petitioner's federal constitutional rights, except for a statement that arrest and prosecution without probable cause is in violation of the Fourth Amendment to the Constitution. The arrest was made by state officers and this allegation is without merit. The count fails to state any claim for which this court can grant relief.

The fourth count contains an allegation that defendants created false criminal records pertinent to petitioner and introduced them in evidence against him at his trial. Such a statement clearly does not present any matter relevant to petitioner's claims under Sections 1983 and 1985, 42 U.S.C.A. Petitioner has made no showing and does not allege that he was deprived of any federally protected right during his trial in the state court and it is not the function of this court to review valid state court proceedings.

There are other substantial defects in the proposed complaint, but further analysis of the mass of papers presented to this court by petitioner is unnecessary, since each of the four counts fails to state any claim for which relief may be granted. Petitioner was arrested on a warrant, arraigned, tried by a court be-

fore a jury and convicted. He does not allege any constitutional defect in these proceedings and his contention that the original arrest was without reasonable cause is without merit, in view of his subsequent conviction. If this court permitted petitioner to proceed in forma pauperis, it is obvious that this complaint would be dismissed on motion by defendants. It would be a miscarriage of justice to put the proposed defendants to the burden of retaining counsel and appearing to defend this obviously meritless and frivolous action.

Therefore, it is ordered that the motion for leave to proceed in forma pauperis is hereby denied.