Demitrios B. TSERMENGAS, Constance Tsermengas, William J. Tsermengas, Harry Tsermengas, Froso Fay Tsermengas, Stella Tsermengas, Plaintiffs,

v.

PONTIAC PRESS, Royal Oak Tribune, Oak Park News, Oak Park Press, Birmingham Eccentric, Inc., News, Hazel Park News, Madison News, The Rochester Clarion, Southfield News, Troy Times, Waterford Press, et al., Defendants.

Civ. No. 21805.

United States District Court
E. D. Michigan, S. D.

Dec. 5, 1961.

Demitrios B. Tsermengas, plaintiff, in pro. per.

No appearance for defendants.

McCREE, District Judge.

Petitioner Demitrios B. Tsermengas, an inmate of the State Prison for Southern Michigan, serving a sentence following his conviction of second degree murder in a Michigan Circuit Court, has applied to this court for leave to commence and prosecute in forma pauperis a civil action for money damages against eleven newspapers which published accounts of his arrest and trial.

In connection with this contemplated suit, he also has petitioned for appointment of counsel.[1] These petitions are brought under 28 U.S.C. § 1915, which provides, in pertinent part:

"(a) Any court of the United States may authorize the commencement * * * of any suit * * * without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor * * *."

"(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

Petitioner states, in two affidavits, that neither he nor the members of his family, who are co-plaintiffs, have sufficient funds to prepay fees and costs.[2] There are no facts furnished with respect to petitioner's finances. While it is true that "affidavits * * * written in the language of the statute * * * should ordinarily be accepted," Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948), the affidavits in the instant case do not state that petitioner cannot give security for fees and costs, which is part of the statutory requirement. This omission, in itself, could be regarded as a fatal deficiency. See Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960).

■ In any event, where it is obvious that the proposed action is without merit and would be futile, or is frivolous or malicious, a motion to proceed in forma pauperis will not be granted. Richardson v. Hatch, 134 F.Supp. 110 (W.D.Mich. 1955). To do otherwise would be needlessly and unjustly "to put the proposed

defendants to the burden of retaining counsel and appearing to defend * *." Watson v. Devlin, 167 F.Supp. 638, 641 (E.D.Mich.1958), aff'd, 268 F.2d 211 (6th Cir. 1959).

The complaint which plaintiff seeks to file is a discursive and inartistically drafted document. Stripped of verbiage, it alleges that prior to and during the course of plaintiff's trial for murder in the Oakland County Circuit Court, the defendant newspapers published and circulated at the place of trial false and inflammatory articles. These articles allegedly stigmatized plaintiff as a hired killer; alluded to him by an offensive ethnic alias which he had never used; insinuated that he was a multiple murderer; referred to his previous convictions and to other offenses, including kidnapping, with which he had never formally been charged; and falsely reported that plaintiff had made an oral confession of the murder to the police.

In essence, it is plaintiff's claim that he was tried by the press before he had his day in court, and that the passions and prejudices of the community were so aroused by irresponsible journalism as to deprive him of a fair and impartial trial. The action purports to be brought under the federal Civil Rights Act, 42 U.S.C. § 1981 et seq., for damages in the sum of $12,000,000.

In the opinion of this court, petitioner's complaint clearly fails to state a federal claim for relief. Furthermore, if the complaint is understood as setting forth a cause of action for defamation, this court has no jurisdiction since the plaintiffs and the defendants are not citizens of different states. The proper forum for such a suit would be the state court.

Title 42 U.S.C. § 1983 gives a cause of action for deprivation of due process by

1. The court, of course, cannot *appoint* counsel in a civil action, but may, in its discretion, *request* an attorney to represent an indigent plaintiff.

2. No separate affidavits of poverty have been submitted by the other plaintiffs in the proposed action, Demitrios Tser-

mengas' wife and four children. This circumstance, however, should not preclude consideration of the motion to proceed in forma pauperis, at least as to the affiant. See Adkins v. E. I. Du Pont De Nemours & Co., 355 U.S. 331, 340, 69 S.Ct. 85 (1948).

persons acting "under color of any statute. ordinance, regulation, custom, or usage, of any State or Territory * * ". On its face this section does not afford a remedy for due process violations by reason of actions which are not under color of law. What plaintiff has alleged, at most, is a denial of due process effectuated by the conduct of defendants, all of whom are private persons acting as such.

While section 1985 does provide a cause of action against private parties for conspiracy to deprive one of equal protection of law, the facts alleged by petitioner do not establish a denial of that right. Petitioner apparently contends that the defendants deliberately sought to procure his conviction because of his Greek national origin. There are no allegations of fact to support such an assertion, other than the reference to some articles which described petitioner as "Demitrios (Jimmy the Greek) Tsermengas". Without approving of the publication, or invention, of such sobriquets, the court is not satisfied that the petitioner has alleged the existence of a conspiracy motivated by an intent to discriminate. There is nothing to negative the obvious implication from the character of the crime and of the principals that the press coverage would have been the same even if petitioner were an Anglo-Saxon or of any other ethnic origin. Nor is there anything to indicate that every citizen of Michigan is not potentially subject to the same improper acts. Jennings v. Nester, 217 F.2d 153 (7th Cir. 1954), Mitchell v. Greenough, 100 F.2d 184 (9th Cir. 1938).

The extensive publicity which attends criminal matters is an accepted, if sometimes unfortunate, aspect of our society. If every instance of newspaper sensationalism were regarded as prejudicial in the constitutional sense, "criminal trials in the large metropolitan centers may well prove impossible." United States v. Leviton, 193 F.2d 848, 857 (2d

Cir.1951), cert. denied 343 U.S. 946, 72 S.Ct. 860, 96 L.Ed. 1350 (1952). See also Shockley v. United States, 166 F.2d 704 (9th Cir. 1948). It is only where the prospect of a fair trial is demonstrably beclouded by a "pattern of deep and bitter prejudice" shown to be present throughout the community that a denial of due process will be found. Irvin v. Dowd, 366 U.S. 717, 727, 81 S.Ct. 1639, 1645, 6 L.Ed.2d 751 (1961).

In the criminal proceedings in the Michigan court, petitioner was represented by counsel. This court cannot presume an insensitivity on the part of counsel to constitutional infirmities in those proceedings. If petitioner's claims are meritorious one might well wonder why no objection was raised previously. It does not appear, for example, that a motion for change of venue was made, although such a motion would have been possible under Section 28.850, Michigan Statutes Annotated, Comp.Laws 1948, § 762.7. See also People v. Schneider, 309 Mich. 158 (1944), People v. Gage, 188 Mich. 635, 155 N.W. 464 (1915); and compare Stroble v. State of California, 343 U.S. 181, 193–194, 72 S.Ct. 599, 96 L.Ed. 872 (1952) with Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639 (1961). There is no indication that any of the jurors in petitioner's trial were shown to have read the allegedly inflammatory articles or that any well-founded challenges for cause were erroneously overruled. United States v. Keegan, 141 F.2d 248 (2d Cir. 1944); cf. Irvin v. Dowd, supra. Indeed, it does not appear that petitioner has invoked any of his remedies for obtaining a review of his conviction. Surely it is an anomaly for a prison inmate who conceives himself to be the victim of a miscarriage of justice to seek redress in the form of money damages when the very grounds could be asserted to procure his release from confinement.[3]

There are other substantial defects in the proposed complaint, but it would

3. This is unlike the situation where a plaintiff may properly elect to sue under the Civil Rights Act in preference to bringing an analogous tort action in state court. Cf. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

serve no purpose to delineate them. It is obvious to the court that if petitioner were permitted to proceed in forma pauperis, the complaint would be dismissed on motion by defendants.

Accordingly it is ordered that the motion for leave to proceed in forma pauperis and the motion for appointment of counsel be hereby denied.