The **DAYTON TIRE AND RUBBER COMPANY**

v.

Charles **BERMAN.**

Civ. A. No. 31249.

United States District Court
E. D. Pennsylvania.

July 9, 1962.

Jenkins, Bennett & Jenkins, by Harry L. Jenkins, Sr., Philadelphia, Pa., for plaintiff.

Malis, Malis & Malis, by David S. Malis, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is an action for a balance in excess of $60,000.00 for goods sold and delivered. Defendant was a distributor of plaintiff's tires, appointed to sell to other dealers in this area. Defendant filed a counterclaim alleging, inter alia, that plaintiff failed to credit defendant with $20,000.00 resulting from returns of merchandise, which returns were authorized by plaintiff. It is also alleged that plaintiff maliciously caused defendant's customers to cease dealing with defendant, and that this resulted in a loss to defendant in the amount of $100,000.00.

Plaintiff is seeking a more definite statement of the defendant's claim with respect to the returns of merchandise; in particular, the names and addresses of customers who allegedly returned items, the dates of the returns, the amounts thereof, and the dates on which plaintiff's agents allegedly authorized such returns and credits. In addition, plaintiff seeks a more definite statement as to how plaintiff maliciously caused defendant to lose customers, and how the resulting $100,000.00 of alleged damages was calculated.

 The law is clear that a more definite statement under Rule 12(e), Fed. R.Civ.P. 28 U.S.C. will be granted only when a pleading, to which a responsive pleading is permitted or necessary, is so vague that the responsive pleading cannot be framed. Motions under this rule are not to be used as a means of obtaining evidence or information which could be obtained by discovery.

Applying these simple principles to the present motion, we think that the defendant should furnish a more definite statement explaining the allegation that the plaintiff "maliciously" caused the defendant to lose customers. However, the other information sought by this motion is not, in our view, necessary to the adequate preparation of an answer to the counterclaim, and is more properly obtained by discovery. Therefore, in all other regards, the motion will be denied.