James A. PAYNES

v.

Dan Dee LEE and John Doe.

Civ. A. No. 3071.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

March 30, 1965.

Johnnie A. Jones, Baton Rouge, La., for plaintiff.

Richard G. Van Buskirk, Clinton, La., John F. Rau, Jr., Harvey, La., for defendants.

WEST, District Judge:

This is a civil suit for damages wherein plaintiff, James A. Paynes, seeks to recover money damages in the sum of $500,000 from Daniel W. DeLee, a private citizen, for alleged violation of his constitutionally guaranteed civil rights. Plaintiff alleges that on October 17, 1963, he, together with another member of the Negro race, went to the Town of St. Francisville, Louisiana, the parish seat of West Feliciana Parish, Louisiana, for the purpose of attempting to register to vote. Later that night, the plaintiff alleges that the defendant, Daniel W. De-Lee, accompanied by two other white men whose names are unknown to plaintiff, went to plaintiff's house and "intimidated, threatened, and coerced complainant against becoming a registered voter." He further alleges that the defendant, with his two unknown companions, "threatened to destroy, or to annihilate complainant and all of his possessions including his family should he again attempt to become a registered voter" in West Feliciana Parish.

Plaintiff contends that this Court has jurisdiction over this matter (1) pursuant to Title 28 U.S.C.A. § 1331 because this action arises under the Constitution and laws of the United States, namely, under the Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution of the United States, and under Title 42 U.S.C.A. § 1971(b); (2) pursuant to Title 28 U.S.C.A. § 1343(3) because this action is authorized by Title 42 U.S.C.A. § 1981; and (3) pursuant to Title 28 U.S.C.A. § 1343 because this action is authorized by Title 42 U.S.C.A. § 1988.

Defendant filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. These motions are now before the Court for determination.

Title 28 U.S.C.A. § 1331 provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the ·sum or value of $10,-000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

Title 28 U.S.C.A. § 1343 provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

■ Plaintiff contends that this Court has jurisdiction over this matter under Section 1331 because his cause of action arises under the Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution, and under Title 42

U.S.C.A. § 1971(b). There is no substance to plaintiff's claim that this suit for damages arises under the Thirteenth, Fourteenth, or Fifteenth Amendments to the United States Constitution. The Thirteenth Amendment simply provides that neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted shall exist within the United States or any place subject to their jurisdiction. There is no allegation made by plaintiff in his complaint that he has been subjected to slavery or involuntary servitude.

■ The pertinent provisions of the Fourteenth Amendment are those which provide that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States and that no state shall deprive any person of life, liberty, or property without due process of law, nor deny any person within its jurisdiction the equal protection of the laws. There is no allegation in plaintiff's complaint that the State of Louisiana has, in any way, abridged his privileges and immunities, nor deprived him of his life, liberty, or property without due process of law, nor deprived him of the equal protection of the laws. His only complaint is that the respondent, an individual citizen, threatened and intimidated him when he evidenced a desire to register to vote. The Fourteenth Amendment protects against illegal state action and not against illegal individual action. Williams v. Howard Johnson's Restaurant (CA4–1959) 268 F.2d 845; Peterson v. City of Greenville, South Carolina, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323 (1963); Seeley v. Brotherhood of Painters, Decorators, and Paper Hangers of America et al., 308 F.2d 52 (CA5–1962); Barthe, et al. v. City of New Orleans et al., 219 F.Supp. 788 (E.D.La.1963), affd. 376 U.S. 189, 84 S.Ct. 636, 11 L.Ed.2d 602.

■■ The Fifteenth Amendment to the United States Constitution provides that the right of citizens of the United States to vote shall not be denied or

abridged by the United States or by any state on account of race, color, or previous condition of servitude. Again, this Amendment is directed solely at state action and not at individual action, and hence, there is no allegation in plaintiff's complaint which would bring this case within the Fifteenth Amendment. Nor is there any merit to plaintiff's contention that this action arises under Title 42 U.S.C.A. § 1971(b). That section provides as follows:

"(b) No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President, Vice President, presidential elector, Member of the Senate, or Member of the House of Representatives, Delegates or Commissioners from the Territories or possessions, at any general, special, or primary election held solely or in part for the purpose of selecting or electing any such candidate."

Plaintiff personally brings this suit for money damages. Title 42 U.S.C.A. § 1971(c) provides that whenever a person has violated, or is about to violate the provisions of Title 42 U.S.C.A. § 1971 (b) "the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." There is no provision under Section 1971 for an individual to bring a suit against another individual for money damages for violation of Title 42 U.S.C.A. § 1971(b). And in view of the fact that the term "vote" is specifically defined as including "registering to vote" only for the purposes of sub-sections (a) and (e) under Section 1971, and is not so defined for the purposes of sub-section (b), it is

doubtful that the alleged activities of the defendants herein could, in any event, be brought within the purview of Section 1971(b).

■ Plaintiff next urges that this Court has jurisdiction over this matter under Title 28 U.S.C.A. § 1343(3) because the action is authorized under Title 42 U.S.C.A. § 1981.

Title 42 U.S.C.A. § 1981 provides:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Section 1981 does not provide for a civil cause of action for damages, and hence, plaintiff's suit for damages under this section cannot be maintained in this Court. Watson v. Devlin, 167 F.Supp. 638 (E.D.Mich.1958), affd. 6 Cir., 268 F. 2d 211; Tsermengas v. Pontiac Press, 199 F.Supp. 557 (E.D.Mich.1961).

■ The final contention of plaintiff is that this Court has jurisdiction over this matter under Title 28 U.S.C.A. § 1343 because the action is authorized by Title 42 U.S.C.A. § 1988. But Section 1988 has reference not to the extent or scope of jurisdiction, nor to the rules of decision, but only to the forms of process and remedy. Schatte v. International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada, D.C., 70 F. Supp. 1008, affd. 9 Cir., 165 F.2d 216, cert. den. 334 U.S. 812, 68 S.Ct. 1018, 92 L.Ed. 1743. Thus, plaintiff's action, if not otherwise within the jurisdiction of this Court, cannot be maintained here under Section 1988.

■ It thus becomes evident that this Court does not have jurisdiction over this case as it is not a case arising under

the Constitution or laws of the United States, nor is it a case in which the remedy sought by plaintiff could be legally granted by this Court.

If the allegations made by plaintiff in his complaint are true, there is no doubt that he has been greatly wronged. To intimidate and threaten a person with bodily harm to him and his family, and with possible destruction of his property, in order to prevent him from exercising his constitutional right to register, if qualified, and to vote, if properly registered, is a heinous thing. And if these things were done with the involvement of state action, the remedies provided by federal law would be readily available to this plaintiff. But by the very allegations of his complaint, the wrongful acts allegedly committed against him were acts performed solely by individual citizens without the involvement of the state or its officers or agents.

This Court has no authority to make the law. It must only interpret it. Thus, I am reluctantly constrained to hold that the plaintiff has not stated in his complaint a cause of action over which this Court has jurisdiction, nor has he stated a cause of action for which relief could be granted by this Court. His complaint must therefore be dismissed, reserving to him, of course, his right to pursue this matter, if he wishes, in a court of competent jurisdiction.