U. S. of America ex rel. John
**BRZOZOWSKI, Plaintiff,**

v.

**Charles RANDALL, Raymond McCaffrey,
Thomas Lewis, Charles McIllwain, Cap-
tain, Ridley Township Police Dept., De-
fendants.**

**Civ. A. No. 42136.**

United States District Court
E. D. Pennsylvania.

March 5, 1968.

Drew J. T. O'Keefe, U. S. Atty., Robert S. Blank, Asst. U. S. Atty., Philadelphia, Pa., for Thomas Lewis.

Kassab, Cherry, Curran & Archbold, Garland Cherry, Chester, Pa., for defendants McCaffrey, McIllwain, Randall.

Peter Gale, Philadelphia, Pa., The American Civil Liberties Union, for plaintiff, John Brzozowski.

## OPINION

JOHN MORGAN DAVIS, District Judge.

Before the Court is a motion to dismiss under Federal Civil Rule 12(b), and a motion for a more definite statement in accordance with Rule 12(e), both filed on behalf of the defendants Charles Randall, Raymond McCaffrey and Charles McIllwain, all apparently members of the Ridley Township Police Department. In addition, a motion to dismiss, and alternatively for summary judgment under Rule 56, has been filed on behalf of the defendant Thomas Lewis, a special agent of the Federal Bureau of Investigation.

## BACKGROUND

The plaintiff is presently serving a sentence of 2½ to 5 years imprisonment, for armed robberies of a moving picture theatre, and a service station. On February 23, 1967, he instituted a complaint under the Civil Rights Acts, 42 U.S.C. § 1983 and § 1985, against the aforementioned defendants, alleging that he was kidnapped from New York and forced at gunpoint to return to Ridley Township to answer for the aforementioned crimes, of which he was subsequently convicted. In addition, he has alleged that the defendants committed an assault upon his person, and that they "conspired to deprive him of his civil rights." Included in the complaint is an allegation that the plaintiff was deprived both of counsel and of any access to his relatives from the time that he was apprehended in Brooklyn, until sometime after he signed a statement admitting the crimes as charged. In addition, the complaint alleges that "false advice" was given by

the defendant Lewis, with regard to plaintiff's Constitutional rights, since he was a citizen of the Federal Republic of Germany.

In his handwritten complaint and subsequent statements, the plaintiff has recited the incidents surrounding his apprehension, arrest and conviction as follows. On January 5, 1966, the plaintiff was attending a school for seamen, in Brooklyn, New York, in which he was duly enrolled. It is alleged that on this day, two men who identified themselves as Ridley Township Police officers apprehended the plaintiff in Brooklyn, after displaying an arrest warrant believed to have been issued on petition of the Ridley Township Police. He was then transported in an automobile to Ridley Township, via the New Jersey Turnpike. During the greater part of the journey, the plaintiff was restrained with handcuffs, "at the point of a gun", and was told that any attempt at escape would result in a "hole in the head". The plaintiff also alleges that he was "slapped around" by the detectives during the journey.

After arriving at Ridley Township at 1:30 or 2:00 P.M., he was questioned for three or four hours; then after a "short break", the interrogation continued until 10:00 P.M. No counsel was furnished at any time during this first day, although counsel was demanded initially in Brooklyn, and subsequently during the interrogation in Ridley Township. He was told that an attorney and his family would be contacted after a statement prepared by the police was signed.

During the same day, a "secret hearing" was conducted by a magistrate, allegedly in another township, although the plaintiff could not identify the precise location. The interrogation continued and on two separate occasions, the plaintiff was confronted with a man "covered with blood", and described as an example of "what happens to those who don't cooperate". The police continued questioning the plaintiff, and informed him that he "had no rights, and it [interroga-tion] could continue indefinitely". The plaintiff then signed the statement. Subsequent thereto, an attorney was contacted.

The incident involving the F.B.I. agent arose when the plaintiff's parents called the F.B.I. office in Philadelphia on February 27, 1966, and requested an investigation of the circumstances surrounding the abduction of the plaintiff from Brooklyn. The following day, while interviewing the plaintiff in the Ridley Township jail, the defendant Lewis allegedly stated that "he [Lewis] was a personal friend of the [defendant] police officers, and didn't believe that they would do such things". Lewis then allegedly stated that since the plaintiff was a German citizen, he was only protected under the German Constitution and had no rights in this country.

Subsequently, on March 3, 1966 the plaintiff received a two and one half to five year sentence for armed robbery. Two special agents of the F.B.I. later visited the plaintiff on May 5, 1966, at which time the plaintiff learned that the defendant Lewis has "falsified his report to his superiors, omitting a good deal of the information plaintiff has given him".

On February 23, 1967, a complaint was filed in this Court, wherein the plaintiff seeks the following remedies:

1. A court determination as to whether the attorney who represented him during the criminal proceedings should be named as a party defendant.

2. $25,000 "necessary" and $25,000 punitive damages from each defendant.

3. Removal of "this case" to this Court.

With regard to the first "remedy", we have noted that appearance has been entered on behalf of the plaintiff by a member of the bar. The propriety of joining an additional party as defendant is more appropriately a matter for counsel to determine. Accordingly, this form of relief will be deleted from the complaint, upon the Court's own

motion, in accordance with Federal Civil Rule 12(f).

■ In No. 3, the desire that the "case" be removed to the District Court apparently refers to the criminal prosecution. Adherence to the requirement for first exhausting State remedies precludes this Court from considering this form of relief as well. 28 U.S.C. § 2254. This will also be deleted from the complaint under Rule 12(f).[1] Sole consideration will therefore be devoted to the sufficiency of the complaint in establishing a cause of action for which compensatory and punitive pecuniary damages may be awarded. (No. 2 in the plaintiff's prayer for relief).

Jurisdiction properly lies under 28 U.S.C. § 1343, which essentially authorizes the district court to redress the deprivation of an individual's civil rights.

■ In so deciding, the Court must consider as true and correct, all of the plaintiff's allegations of fact. 2A Moore's Federal Practice, ¶ 12.08: Henig v. Odorioso, 256 F.Supp. 276 (E.D.Pa., 1966) aff'd, 385 F.2d 491 (3rd Cir. 1967). In addition, all doubts which may arise in the allegations of fact contained in the pleadings, are to be resolved also in favor of the plaintiff. Supchak v. United States, 365 F.2d 844 (3rd Cir. 1966). As stated in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

> * * * a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## I.

### COMMON DEFENSES

A. *Criminal Statutes.*

■ The plaintiff has alleged that a cause of action arises under 18 U.S.C. § 241 and § 242, which essentially provide *criminal* penalties for conspiring to hinder a person from enjoying his Constitutional rights, or for depriving a person under color of law, all rights protected by the U. S. Constitution. However, it is the accepted rule that neither statute gives rise to a *civil* action for damages. Pugliano v. Staziak, 231 F. Supp. 347 (W.D.Pa.1964), aff'd, 345 F. 2d 797 (3rd Cir. 1965).

B. *Declaratory Judgment Act.*

■ The Declaratory Judgment Act, 28 U.S.C. § 2201 authorizes this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought". But the plaintiff has failed to state what rights or legal relations he desires to have determined; nor was this remedy pursued by plaintiff's counsel during oral argument (although placed at issue in the brief for Defendant Lewis). It is clear that the Act itself does not create subject-matter jurisdiction, but merely provides a supplemental form of relief. 6A Moore's Federal Practice, ¶ 57.23: Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

## II.

### DEFENDANTS RANDALL AND McCAFFREY

Section 1983 of the Civil Rights Act prescribes two elements which are essential for establishing a cause of action:

(1) The conduct complained of must have been done by some person acting under color of law; and

(2) Such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965). "Under color of law" has been construed to mean "under color of any statute, ordinance,

---

[1]. Apparently plaintiff has already sought initial collateral relief under the Pennsylvania Post Conviction Hearing Act.

See Commonwealth v. Brzozowski, 54 Del.Co. 74 (1966).

regulation, custom or usage, of any State or Territory" *Henig v. Odorioso*, 385 F.2d 491, 494 (3rd Cir. 1967), and cases cited therein.

This requirement has been further clarified in *Henig, supra*, in that there must be "[m]isuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law" citing, inter alia, *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940) [2]

■ Applying this standard to the allegations contained in the plaintiff's complaint, we must conclude that if the plaintiff was subjected to an unlawful arrest and detention in the manner alleged, redress is appropriate in accordance with Section 1983 of the Act. *Monroe v. Pape, supra*, *Basista v. Weir, supra*. The fact that the method in which the plaintiff was apprehended and transported from Brooklyn to Ridley Township was clearly contrary to the laws of the Commonwealth [3] (and indeed, of the States of New York and New Jersey) does not require the conclusion that the defendants acted independently, outside the purview of "state action"; "the statutory words 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory' do not exclude from the purview of the Civil Rights statutes, acts of an official who can show no authority for what he does," *Basista v. Weir, supra*, 340 F.2d at p. 80. By displaying or otherwise alluding to a warrant for plaintiff's arrest, after having identified themselves as Ridley Township Policemen [4] the defendants McCaffrey and Randall adequately demonstrated that they were pursuing an activity under color of state action.

■ Since the apprehension, transportation and subsequent arrest were effected "all under color of a policeman's badge" *Basista, supra*, at p. 81, a cause of action under Section 1983 has been established, notwithstanding that the policemen were outside their jurisdiction and hence, patently without actual authority to effect an arrest. *Picking v. Pennsylvania R. R. Co.*, 151 F.2d 240 (3rd Cir. 1945); *Davis v. Turner*, 197 F.2d 847 (5th Cir. 1952).

■ Reliance is placed upon *Watson v. Devlin*, 167 F.Supp. 638 (E.D.Mich. 1958) for the proposition that once tried without having demonstrated that any "detrimental evidentiary matter" was extracted during the period of detention, no deprivation of any Federal Constitutional right would result. Apart from the fact that the instant case is clearly distinguishable on the facts, *Watson, supra*, is clearly inapposite, and of questionable validity as authority today. Subsequent to *Watson, supra*, (decided in 1958), the denial of counsel, (absent an intelligent, voluntary waiver), commencing from the accusatorial stage is a deprivation of rights guaranteed by the 6th and 14th Amendments, since the decision of *Escobedo v. State of Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); statements obtained under these circumstances are inadmissible.

Accordingly, we must conclude that at least two actions by Officers Randall and McCaffrey, if proven at trial, constitute a basis for relief under Section 1983—the "arrest", transportation from Brooklyn, (including the acts of assault and coercion simultaneously performed), and the deliberate denial of counsel during the initial period of incarceration, both being accomplished under color of state law,

2. The construction of the Civil Rights Acts cited above from the *Classic* decision was reiterated in Monroe v. Pape, 365 U.S. 167, 183–187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

3. The Commonwealth of Pennsylvania has adopted the Uniform Criminal Extradition Act, 19 P.S.Pa. § 191.10. This Act is also in effect in New York, McKinney's Criminal Code, §§ 827–859, and in New Jersey, N.J.S.A. 2A:160–6 et seq.

4. See statement by plaintiff to F. B. I. agents taken during a subsequent interview in the Ridley Township jail; these statements have been submitted by the United States on behalf of defendant Lewis pursuant to his motion for summary judgment.

and both resulting in the deprivation of rights and privileges secured by the Constitution.

Since a cause of action has been adequately established under Section 1983, we need not inquire into whether a conspiracy has been demonstrated, contrary to subsections (2) and (3) of Section 1985.

### III.

### DEFENDANT McILLWAIN

■■■■■■ Plaintiff's complaint (and ancillary statements) are completely devoid of any accusation or indication that defendant McIllwain was involved in the incidents upon which this civil action is based. Indeed, with the exception of the caption, in no other place does his name even appear. We are well aware of the policy of this Circuit that where a plaintiff pleads pro se [5] in a suit for the protection of civil rights, the Court should endeavor to construe the plaintiff's pleading "without regard for technicalities" Picking v. Pennsylvania R. R. Co., supra, 151 F.2d p. 244. But here, there is no allegation whatsoever regarding any participation by the defendant McIllwain. Consequently, the motion to dismiss as to this defendant will be granted, in accordance with Rule 12(b).

### IV.

### DEFENDANT LEWIS

The defendant Lewis is accused of the following actions:

(1) that he falsely advised the plaintiff, that as a German citizen, he was only protected under the German Constitution and had no rights in this Country (see complaint, p. 6).

(2) That he (Lewis) stated that McCaffrey and Randall were personal friends of his, and that he didn't believe that they would do such things (complaint, p. 6).

(3) That Lewis' report to his superiors was falsified, omitting a "good deal" of the information which plaintiff had given him (complaint, p. 7).

Again, assuming the above to be correct in every respect, none amounted to the deprivation of any right secured by the Constitution or statute providing for equal rights; nor have the plaintiff's civil rights been violated for which redress is appropriate under 28 U.S.C. § 1343(3) and (4).

■■■ With regard to No. 1, the statement of Agent Lewis should be characterized merely as poor legal advice. There is no basis upon which the plaintiff should have relied on this statement, especially since legal counsel had been available (by the plaintiff's own admission) since January 6, 1966, over seven weeks prior to the visit by Agent Lewis.[6] Thus, the plaintiff had ample opportunity to ascertain the nature and effect of his German nationality with regard to his rights under the Constitution of the United States, from the one person who was under a duty to render such advice. There was no *duty* on the part of Agent Lewis to so advise the plaintiff; consequently, there can be no redress in the form of civil damages, under the Civil Rights Acts, or even under the common law of torts.

■■■ Similarly, the assertion that Agent Lewis was a "personal friend" of the Township policemen does not create a cause of action.

■■■■ Finally, the fact that Agent Lewis may have falsified a report to his superiors is a matter to be resolved within the Department of Justice and is of no legal significance in an action for damages under the Civil Rights Acts. At best, the plaintiff could have hoped that an F.B.I. investigation would lead to subsequent criminal prosecutions of the Ridley Township defendants; failure

---

5. Although plaintiff was very competently represented by legal counsel at oral argument, the initial pleadings were handwritten *pro se.*

6. "Then, for the first time since his arrest, plaintiff was permitted to contact his attorney [on January 6, 1966]". Complaint, p. 5.

to prosecute third persons is no basis for an action for damages under the Civil Rights Acts, absent a showing of some purposeful discrimination, Moss v. Hornig, 314 F.2d 89 (2nd Cir. 1963) which has not been demonstrated or even seriously alleged here.

We are also persuaded by the fact that the plaintiff was subsequently visited by two additional F.B.I. agents, who, after hearing the plaintiff's account of his episode with Agent Lewis, still declined from instituting any additional criminal proceedings, although they examined the entire incident anew. The statement of one of the agents seriously discredits the accuracy of the plaintiff's version of his conversation with Agent Lewis.[7]

■■■ Finally, there is substantial authority that an action cannot be maintained under either Section 1983 or 1985, unless it can be demonstrated that the alleged tortfeasor acted under color of state law, Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967).[8] Here, there is no basis for a finding that the unilateral actions of Agent Lewis, were in any way violative of a state law, or that he participated in any conspiracy to impede the due course of justice, or deprive the plaintiff of the equal protection of the law, Hoffman v. Halden, 268 F.2d 280, 292 (9th Cir. 1959).

■■ Accordingly, there is no basis upon which this action may be maintained with regard to the defendant Lewis.[9]

## V.

## MOTION FOR A MORE DEFINITE STATEMENT

One final question must be resolved. The Ridley Township defendants have filed a motion for a more definite statement, seeking additional information regarding the allegations contained in the complaint. In particular, they seek:

(a) The manner or form of any alleged discrimination against the plaintiff.

(b) How or in what manner the defendants were acting under color of law.

■■■ Rule 12(e) authorizes such a motion, if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a response. However, Federal civil practice envisages a procedure whereby pleadings contain only "short and plain statement[s] of the claim[s] showing that the pleader is entitled to relief" Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). There is no requirement that the pleading state "facts", or "ultimate facts", or "facts sufficient to constitute a cause of action". 2A Moore's Federal Practice ¶ 8.13. Thus, Rule 12(e) is directed to

---

7. See Affidavit of Thomas W. Sherman dated February 23, 1967.

8. In footnote 6, p. 494, Judge Nealon observes that " * * * the majority of Courts read the color of law requirement into this section [1985] on the premise Congress did not intend to assume within the federal sphere the individual tort actions against other individuals."

9. The defendant Lewis has also raised the defense of official immunity, since he was acting within the scope of his authority at the time of the incidents alleged in the complaint. This defense is of very questionable validity, in light of the decisions restricting official immunity to legislators, Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), members of the judiciary, and ancillary court officials. See Bauers v. Heisel,

361 F.2d 581 (3rd Cir. 1966). The Federal Bureau of Investigation would more accurately be characterized as an activity falling without the protection of immunity, considering decisions such as Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). However, there is some authority to the contrary; see Jones v. Warlick, 364 F.2d 828 (4th Cir. 1966). For a recent discussion of the scope of immunity from civil suits under sections 1983 and 1985, see 40 Temple L.Q. 244 (1967).

However, since we have determined that this action is without any substantive merit with regard to the defendant Lewis, no decision need be made regarding the application of the official immunity defense.

**314**

the rare case where as a result of vagueness or ambiguity in a pleading, the answering party will not be able to frame a responsive pleading. Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3rd Cir. 1967); in this thorough opinion, Judge Freedman concluded that a complaint need only contain, in addition to the jurisdictional grounds, a short and plain statement of the claim, showing that the pleader is entitled to relief. There is no requirement to state facts sufficient to constitute a cause of action. Nor must the plaintiff plead his evidence. Hoffman v. Halden, 268 F.2d 280, 294–295 (9th Cir. 1959). The forms of discovery available under the Federal Rules provide the principal means of ascertaining facts. Dayton Tire & Rubber Co. v. Berman, 31 F.R.D. 210 (E.D.Pa.1962).

Finally, the information sought (particularly subdivision (b)), is better known to the defendant than to the plaintiff. Funk v. Cable, 251 F.Supp. 598, 600 (M.D.Pa.1966).