John A. **SHAFFER**

v.

William J. **JENNINGS**, Warden, Chester County Farms, West Chester, Pennsylvania

and

Frank C. **Johnston**, Supt., State Correctional Institution, Dallas, Pennsylvania

and

Dr. **Lakotos**, M.D., Attending Physician, Dallas, Pennsylvania.

Civ. A. No. 70–1235.

United States District Court, E. D. Pennsylvania.

June 23, 1970.

John A. Shaffer, pro se.

## OPINION

MASTERSON, District Judge.

Plaintiff seeks leave to proceed in this Civil Rights action *in forma pauperis.* Invoking the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its jurisdictional implementation, 28 U.S.C. § 1343(3), the plaintiff is seeking $50,000 in damages from each of the defendants.

Plaintiff essentially complains that he received improper or inadequate medical treatment while he was incarcerated. He alleges that Warden Jennings is liable for transferring the plaintiff to the State Correctional Institution at Dallas, Pennsylvania which, like the institution at West Chester, allegedly lacked the facilities to handle a patient with plain-tiff's malady (ulcers). While at Dallas (where defendant Johnston is the Superintendent, and defendant Lakotos the attending physician), the plaintiff alleges that he went without proper treatment until he was finally transferred to the State Correctional Institution at Philadelphia approximately five months later.

The law is clear that an essential element of an actionable civil rights complaint is the establishment of a *constitutional* deprivation. While we recognize that there may be cases where an inmate's complaint of improper or inadequate medical treatment depict conduct so cruel or unusual to approach a violation of the Eighth Amendment's stricture against cruel and unusual punishment, we do not think that this is such a case. Plaintiff's claim here amounts to no more than an averment that the facilities at Dallas are inferior to those at Philadelphia in providing him the care he requires. As such, the plaintiff has failed to properly allege a constitutional deprivation [1] and has merely alleged an action sounding in tort. Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. June 12, 1970). Accordingly, plaintiff's petition for leave to proceed *in forma pauperis* as to this claim is denied.

1. Also, we do not find that the security measures which were imposed while the plaintiff was being treated at the County hospital were so unreasonable as to rise to the level of a constitutional deprivation.

Plaintiff has also complained that, while being treated at the Chester County Medical Center for a ten day period, he was not allowed " * * * to write his family or receive any incoming mail." We do not find that the alleged restrictions on the plaintiff's ability to communicate with his *family* rise to the level of constitutional deprivation which would merit the granting of leave to proceed *in forma pauperis* on this ground. However, in an abundance of caution and guided by the salutary command to liberally construe *pro se* complaints, we shall allow the plaintiff to amend his complaint as to the claim that he was not allowed to receive any *incoming* mail during his ten day stay at the Chester County Medical Center. We take this action because we recognize that among the rights of which one penally confined may not be deprived is the right to communicate, without interference, with officers of the court and governmental officials having either jurisdiction over the penal system or the power and authority to correct conditions existing therein. If communications to or from this class of persons has been unreasonably impeded with resulting prejudice to the plaintiff, he should be allowed the opportunity to so claim.

### ORDER

AND NOW, this 23d day of June, 1970, it is hereby ordered that plaintiff's petition for leave to proceed *in forma pauperis* is denied in part;

It is further ordered that the plaintiff shall have twenty (20) days to amend his complaint to state with particularity:

(1) how was he prejudiced, if at all, by the restriction on receiving incoming mail during his ten day stay at the Chester County Medical Center;

(2) who imposed and/or enforced such restriction;

(3) what specific constitutional deprivations, if any, resulted.