**John A. SHAFFER**

**v.**

**William J. JENNINGS, Warden, Chester County Farms, West Chester, Pennsylvania.**

**Civ. A. No. 70–1235.**

United States District Court, E. D. Pennsylvania.

Sept. 9, 1970.

John A. Shaffer, pro se.

## OPINION

MASTERSON, District Judge.

■ Pursuant to our Opinion and Order of June 23, 1970 (see 314 F.Supp. 588, the plaintiff has filed an amended Civil Rights complaint in which he seeks leave to proceed *in forma pauperis*.[1] The amended complaint retains Warden Jennings as the only defendant and seeks $50,000 in damages for alleged violations of the Eighth and Fourteenth Amendments to the Constitution.

Essentially, plaintiff complains that for ten (10) consecutive days, while he was being treated at the Chester County Medical Center,[2] he was not allowed to correspond with or receive correspondence from "his family and friends, attorneys and/or anyone."

■■ In our June 23, 1970 Order we instructed the plaintiff to state with particularity how he was prejudiced, if at all, by the alleged ten (10) day restriction on communication. The only fact that plaintiff avers in this regard is that his grandmother was frustrated during this ten day period from contacting the plaintiff for purposes of obtaining a lawyer for him. However, plaintiff also admits that he was subsequently able to secure legal counsel. On the basis of these facts we find that the alleged ten day restriction on communication did not prejudice the plaintiff and, as such, the plaintiff has failed to allege a deprivation of his constitutional rights, which is an essential element of an actionable civil rights complaint. Accordingly, plaintiff's petition for leave to proceed *in forma pauperis* is denied.

---

1. Plaintiff, in addition to 42 U.S.C. § 1983, also cites 18 U.S.C. §§ 241, 242, as grounds for his action. However, these latter sections, which provide for punishment by fine or imprisonment for deprivation of certain Federal rights, privileges or immunities, have no application to a civil suit under the Federal Civil Rights Act, 42 U.S.C. § 1981 et seq. Pugliano v. Staziak, 231 F.Supp. 347 (D.C.1964), aff'd per curiam, 345 F.2d 797 (3rd Cir. 1965); Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1956) cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); United States ex rel. Brzozowski v. Randall, 281 F.Supp. 306 (E.D.Pa.1968).

2. The plaintiff was an inmate at Chester County Farms when he was transferred to the Chester County Medical Center for treatment for ulcers.