**In the Matter of Glenn A. LEAMER.**

**Civ. A. No. 71–151.**

United States District Court,
W. D. Pennsylvania.

Feb. 11, 1971.

**MEMORANDUM OPINION**

ROSENBERG, District Judge.

A civil rights letter-petition from Glenn A. Leamer seeks injunctive relief against prison officials so that he may correspond with various individuals who served on the jury which convicted him in 1958.

The petitioner is presently incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania. In his petition he alleges that on December 31, 1970 he wrote letters to two former jurors, and to the best of his knowledge these letters were mailed on or about

January 4, 1971; that on January 4, 1971, he presented three additional letters directed for mailing to former jurors, and that on January 12, 1971 he was informed by prison officials that these letters could not be mailed. From the petition, it would appear that the petitioner is seeking to re-argue his case to these jurors thirteen years after the trial.

 The essential purpose of the Civil Rights Act is to protect individuals against invasions of federally guaranteed rights through the mis-use or abuse of power derived from the state. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, (1961); Gittlemacker v. Prasse, 3 Cir., 428 F.2d 1 (1970). Where an individual is incarcerated, certain fundamental rights may be limited in the interests of prison security and safety, *Gittlemacker, supra*. Amongst those rights which may be limited, is the right of a prisoner to communicate freely with persons of his choosing. Shaffer v. Jennings, 314 F.Supp. 588 (M.D.Pa. 1970). The petitioner here appears to be raking over dead ashes in an attempt to find a spark to rekindle some possible flame of his old litigation. This he is attempting to do by communicating with the jurors who tried him more than a dozen years ago. Ordinarily courts frown upon communication with members of a jury after they have performed their service. Stein v. New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953); Womble v. J. C. Penney Co., 47 F.R.D. 350 (E.D.Tenn.1969). This certainly is true where a long-ago defendant shows no reason whatsoever for contacting jurors. In any event jurors are entitled to be free of molestation, and especially when no factual basis exists. Such a principle is not harsh. An end must come to litigation sometime for if empty explorations were allowed which would disturb persons simply because they served on juries, the jury system would lose all of its validity and effectiveness.

Thus the matter raised in this petition is one which does not amount to a mis-use or abuse of power derived from the state, and this claim, which is nothing more than a complaint about prison discipline, is frivolous and should be dismissed.