**Earl SIXBERRY**

v.

**Leonard D. BUSTER.**

**Civ. A. No. 79–4044.**

United States District Court,
E. D. Pennsylvania.

Oct. 28, 1980.

S. Allen Needleman, Needleman, Needleman, Caney, Stein & Talty, Ltd., Philadelphia, Pa., for plaintiff.

Frederick T. Lachat, Jr., Frank, Margolis, Edelstein & Scherlis, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before this court is a motion by counsel for plaintiff requesting permission for counsel to contact the jurors in the case sub judice. This motion has been made subsequent to the rendering of a verdict by the jury. The reasons asserted by counsel in support of this motion can best be characterized as an attempt by counsel to improve his skills as a trial lawyer by ascertaining from the jurors which facets of the trial influenced their verdict. It is clear that counsel is not alleging any improprieties by the jurors in this case.

It is well settled that the Federal courts strongly disfavor "any public or private post-trial inquisition of jurors as to

how they reasoned, lest it operate to intimidate, beset and harass them." *Stein v. New York*, 346 U.S. 156, 178, 73 S.Ct. 1077, 1089, 97 L.Ed. 1522 (1952); *United States v. Narciso*, 446 F.Supp. 252, 325 (E.D.Mich.1977). *In the Matter of Leamer*, 322 F.Supp. 578, 579 (W.D.Pa.1971). In those instances in which such questioning of jurors is allowed, it is limited for the purpose of allowing counsel to investigate possible irregularities that might provide grounds for a new trial. A.B.A. Formal Opinion 319, August 20, 1967. Counsel cites no cases, nor does our research disclose any cases, which permit an attorney to conduct a post–trial inquisition of jurors solely to improve the trial skills of the trial attorney. Absent a showing of evidence of impropriety by jurors, we cannot permit an attorney to invade the province of the jury room. As the Fourth Circuit held in *Rakes v. United States*, 169 F.2d 739, 745 (4th Cir. 1948) with respect to post–trial inquiries of jurors, " . . . The inviolability of the jury room from outside influence of *any* sort, actual or potential, is a prime necessity in the administration of justice." (emphasis supplied).

The Ninth Circuit, also dealing with the propriety of post–trial inquiries of jurors has held, "that it is improper and unethical for lawyers . . . to interview jurors to discover what was the course of deliberation of a jury trial." *Northern Pacific Railway Company v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954).

To allow counsel to interrogate a jury after a verdict has been rendered would be unduly vexatious, oppressive, and potentially intimidating to the jurors so questioned. If the purpose of counsel is the improvement of his capabilities as a trial attorney, which is a desirable and most laudable endeavor, unfortunately the court does not feel that granting this motion would further that worthy ambition. We cannot and will not go against the strong and well established policy of the Federal courts, as cited above, which frowns on post–trial inquiries to jurors in a case such as this.

For the reasons set forth above, the Motion for Permission to Contact Jury is denied.