**Bennett F. OLSSON and Janet Lou Olsson**

v.

## A.O. SMITH HARVESTORE PRODUCTS, INC.

### No. IP 82–1888–C.

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 26, 1986.

See also, 656 F.Supp. 644.

Vernon J. Petri and Michael L. Hanley, Indianapolis, Ind., John R. Elrod, Elrod & Lee, Siloam Springs, Ark., and William Tucker, Trustee in Bankruptcy, for plaintiffs.

Alan H. Lobley and Karen M. Love, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., and Steven C. Eggimann, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for defendant.

STECKLER, District Judge.

This matter is before the Court upon the defendant's motion for leave to interview jurors pursuant to S.D.Ind. Local Rule 35. Local Rule 35 states:

> "No attorneys appearing in this court, or any of their agents or employees, shall approach, interview, or communicate with any member of the jury except on leave of court granted upon notice to opposing counsel and upon good cause shown.
>
> "This rule applies to ... any communication with members of the jury ... after the return of a verdict."

The Court having considered the defendant's motion now finds that the motion must be denied.

Most courts do not allow attorneys to contact jurors after the conclusion of trial. *See* Annot. 19 A.L.R. 4th 1209, 1212 (1983). These courts have prohibited post trial communications in order to—

(1) avoid the harassment of jurors, thereby encouraging jury service and freedom of discussion in the jury room;

(2) reduce the number of meritless post trial motions; and

(3) increase the certainty of verdicts. This Court also finds that it would be improper to allow an attorney to interview an individual juror regarding the jury's deliberations outside of the presence of the other jurors.

The defendant states in its motion that it has similar cases pending, and in light of the award of punitive damages in this case, it needs to know what factors caused the award of such punitive damages. However, absent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the jurors which facets of the trial influenced their verdict. *Sixberry v. Buster,* 88 F.R.D. 561 (E.D.Pa.1980). *See also Haeberle v. Texas International Airlines,* 739 F.2d 1019 (5th Cir.1984) (First Amendment interests of counsel in interviewing jurors in order to satisfy curiosity and improve advocacy were plainly outweighed by jurors' interest in privacy and public's interest in well-administered justice); *In re Berning,* 468 N.E.2d 843 (Ind.1984) (A lawyer is subject to discipline for sending letters to members of the jury criticizing their verdict and questioning their reasoning for the stated purpose of gaining insight on how he should handle future cases of a similar nature). Here the defendant has presented no evidence of possible juror misconduct. Post verdict communications with jurors solely for the purpose of an attorney's self-education cannot be permitted.

The defendant also states in its motion the size of the jury's verdict on punitive

damages.[1] However, post trial communications with jurors regarding the method the jury used to determine the amount of the verdict are also not proper. *See* Annot. 19 A.L.R. 4th 1209, 1220 (1983).

Accordingly, for all of the foregoing reasons, the Court hereby DENIES the defendant's motion for leave to interview jurors.

IT IS SO ORDERED.

---

1. The motion states that the jury's punitive damage award was $1,833,000.00. Actually the punitive damage award was $1,333,000.00.