**UNITED STATES of America, Plaintiff,**

v.

**Susan H. McDOUGAL, Defendant.**

**No. LR–CR–98–82.**

United States District Court,
E.D. Arkansas,
Western Division.

April 28, 1999.

Kenneth W. Starr, Independent Counsel, by Mark J. Barrett, and Julie L. Myers, Associate Independent Counsel, Office of the Independent Counsel, Little Rock, Arkansas, for plaintiffs.

Mark J. Geragos, Geragos & Geragos, Los Angeles, California, for defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

On April 12th, the jury returned a verdict of not guilty to Count 3 of the indictment that had alleged obstruction of justice and advised the Court that it was deadlocked on Counts 1 and 2 that charged criminal contempt. The Court declared a mistrial on those two counts. Later that day, the OIC filed a motion, pursuant to Federal Rule of Criminal Procedure Rule 47 and Local Rules 7.2 and 47.1, for permission to contact trial jurors including the alternates who served in this case in accordance with Fed.R.Evid. 606 and only with their consent.

Defendant responded in opposition on April 21st that the stated reason for the OIC's request to interview the jurors prior to deciding whether to pursue the two contempt charges on which a mistrial was declared is expressly prohibited by Rule 606 as being an inquiry into the "mental processes" or the jury deliberations. In addition, she argues that practically there is no need to interview any jurors since a number of them have already spoken publicly and even the OIC has said that "this has been horrible for Arkansas."

The OIC replied on April 26th that information provided during post-trial interviews of jurors contributed greatly to the OIC's decision not to retry the case of United States v. Branscum and Hill, LR–CR–96–49; that learning what kept the jury from reaching a verdict would be valuable here in assessing whether a different jury would likely reach a verdict on those counts and whether the evidence admitted as to Count 3 affected the deliberations on Counts 1 and 2; and that the information may save the United States, the Court and the defendant from undergoing another judicial proceeding and needlessly consuming scarce judicial resources. The OIC counters defendant's arguments that the inquiry requested would violate Rule 606 since the OIC is not seeking to question the validity of the Count 3 verdict and that talking to consenting jurors would not be harassment. The OIC recommends that the Court clarify that jurors are free to contact the attorneys for the OIC and/or defendant if they choose to do so.

Local Rule 47.1 provides that "[n]o juror shall be contacted without express permission of the Court and under such conditions as the Court may prescribe." Most courts do not allow attorneys to contact jurors after the conclusion of a trial. See, *Olsson v. A.O. Smith Harvestore Products, Inc.,* 696 F.Supp. 411 (S.D.Ind.1986). Local Rules, such as the one in this district, limit the contact a party may have with jurors post-trial.

Federal courts generally disfavor post-verdict interviewing of jurors. Permitting the unbridled interviewing of jurors could easily lead to their harassment, to the exploitation of their thought processes in conflict with Rule 606, and to diminished confidence in jury verdicts as well as unbalanced trial results depending unduly on the relative resources of the party. *United States v. Kepreos,* 759 F.2d 961, 967 (1st Cir.1985). See also, *Shoen v. Shoen,* 933 F.Supp. 871 (D.Ariz.1996), *aff'd* 113 F.3d 1242, 1997 WL 243533 (9th Cir. 1997) (Local rule limiting juror contact reflects public policy of allowing jurors to complete their service without concern for future consequences.)

In *Haeberle v. Texas Int'l Airlines*, 739 F.2d 1019 (5th Cir.1984), the court denied an interview request when the purpose was to satisfy counsel's own curiosity and improve their techniques of advocacy. "The first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are limited.... [T]hose interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice." *Id.* at 1022. See also, *Olsson v. A.O. Smith Harvestore Products, Inc.*, 696 F.Supp. at 412 ("[A]bsent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the jurors which facts of the trial influenced their verdict.... Post verdict communications with jurors solely for the purpose of an attorney's self-education cannot be permitted.") Even in *United States v. Gravely*, 840 F.2d 1156 (4th Cir. 1988), when the defendant's request to interview jurors to determine if pressure and lack of adequate time for deliberation were self-imposed or the result of outside influence, the appellate court found the request to be properly denied.

Accordingly, the Court is persuaded that given the strong policy of not invading the province of the jury and the failure of the OIC to establish good cause for an exception to be made in this case, the OIC's April 12th motion (# 123) for permission to contact jurors should be, and it is hereby, denied.